**INTERSTATE GENERAL CORPORATION, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL ACCOMMODATIONS COMMISSION, Respondent.**

No. 79–1284.

District of Columbia Court of Appeals.

Argued Oct. 30, 1980.

Decided Jan. 7, 1982.

Peter C. Schaumber, Washington, D. C., for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before NEWMAN, Chief Judge, and MACK and FERREN, Associate Judges.

MACK, Associate Judge:

This is an appeal from a ruling by the Rental Accommodations Commission which affirmed the Rent Administrator's assumption of jurisdiction in a rental increase challenge and its subsequent refusal to permit that increase. The petitioner contends that both of the Commission's decisions were arbitrary, capricious, unsupported by substantial evidence or otherwise not in accordance with the law. We affirm.

In March 1978, Jacklyn V. Conley and Patricia Toney entered into lease agreements with the petitioner for two apartments located in the Capitol Park Towers complex in Southwest. Both leases commenced on April 1, 1978 and were to terminate on March 31, 1979. Conley's rent was set at $218 while Toney's was $298 per month. Clause 29 in each agreement provided that upon expiration of the lease the tenant would become a tenant by the month and could be subject, after thirty days' notice, to a rental increase. Both leases also contained, in Clause 39, a provision that read:

> It is understood that the rental charge for the dwelling unit which is the subject of this lease is established by the U.S. Department of Housing and Urban Development ("HUD"). It is hereby agreed that in the event HUD authorizes a rental increase the monthly rental charge under this lease may be increased to the level so authorized by HUD, upon 30 days written notice by landlord to tenant. Said notice shall constitute an amendment to this lease.

On August 31, 1978 and September 29, 1978, respectively, the tenants were notified that their rents would be increased by ten percent pursuant to D.C.Code 1980 Supp. VII, § 45–1687 (Rent ceiling provision). In October 1978, both tenants filed complaints with the District's Rental Accommodations Office alleging, *inter alia*, that the rent increases, although authorized by § 45–1687, violated the lease agreement in that 1) they came within the one-year period of

the lease agreement and 2) they were not authorized by HUD.

On January 26, 1979, the Rent Administrator of the District's Rental Accommodations Office issued his decision, ruling that, *inter alia,* 1) a valid lease establishing a fixed rent for a fixed term existed between the parties; 2) that § 208(f) of the District's Rent Stabilization Program, Title II, Rental Housing Act of 1977, D.C.Code 1980 Supp. VII, § 45–1689(f) which stated "no rent shall be adjusted ... for any rental unit with respect to which there is a valid written lease or rental agreement establishing the rental for ... the term of [the] agreement," prohibited the disputed rent increase and 3) the petitioner could not raise the rent pursuant to HUD authority because HUD had not, as Clause 39 required, "authorize[d] a rental increase" for the apartments in question during the pendency of the leases.

The petitioner appealed the Administrator's decision to the District's Rental Accommodations Commission which affirmed the prior ruling stating that

[t]here was ambiguity in the lease because of the possible conflict between the clause establishing the period of the lease at twelve months and the language of Paragraph 39 about 30-days written notice of any HUD-authorized increase in the monthly rental charge .... [T]he ambiguity was correctly resolved in favor of the tenant because Paragraph 29 provides that upon expiration of the lease the tenant would become a tenant by the month. At such time, 30 days written notice of a [rental increase] would be appropriate.

The petitioner challenges the Commission's decision on two bases. First, it claims that the Rental Administrator had no jurisdiction to entertain the tenants' complaints.

The Rent Administrator is empowered, pursuant to D.C.Code 1980 Supp. VII, § 45–1685(a) & (b), to carry out the District's rent stabilization program established under the Rental Housing Act of 1977, D.C.Code 1980 Supp. VII, § 45–1681 *et seq.* Title II of that Act also empowers the Administrator to exercise jurisdiction over complaints arising under Title II. D.C. Code 1980 Supp. VII, § 45–1685(b). Here, the tenants alleged that the petitioner raised their rents in contravention of § 45–1689(f). Since the complaints alleged a violation of the Title II, the Administrator correctly exercised jurisdiction.

This is so notwithstanding the petitioner having filed, in the Superior Court, a motion for a declaratory judgment ruling that Clause 39 of the lease permitted the rental increases in question and a motion with the Administrator to stay his proceedings, insofar as they dealt with Clause 39, until the Superior Court had ruled.[1] While the Administrator and the Superior Court exercise concurrent jurisdiction over Landlord and Tenant matters, the Administrator had primary jurisdiction to determine whether the tenant stated a valid claim under § 45–1689(f) and, further, to determine whether the rent-escalator clauses validly authorized an increase. *See Harrington v. Moss,* D.C. App., 407 A.2d 658, 661–62 (1979). *Cf. District of Columbia v. Keyes,* D.C.App., 362 A.2d 729 (1976), *cert. denied,* 430 U.S. 968, 97 S.Ct. 1651, 52 L.Ed.2d 360 (1977) (statute required resort to administrative remedies before Superior Court jurisdiction would attach).

The petitioner's second basis of appeal is that the Commission's interpretation of the leases, as well as that of the Administrator which it upheld, were unsupported by substantial evidence and otherwise not in accordance with the law.[2] We

1. The Superior Court, on June 18, 1979, entered a judgment for the petitioner, declaring that the lease agreement permitted the petitioner to implement the rent increases at issue.

2. The petitioner also alleges that the Rent Administrator and Commission violated its due process rights in that they did not, pursuant to D.C.Code 1973, § 1–1509(a) and (b), afford it with notice of the issues involved in the rental increase challenge or an opportunity to present evidence with respect thereto. The tenants' complaints, however, implicated Clause 39 and the record reflects a discussion of its meaning

cannot say that the Commission's finding that the lease was ambiguous was "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or "[u]nsupported by substantial evidence . . . ." *See* D.C.Code 1981, § 1–1510(a)(3)(A) and (E). Paragraph Two of the leases provided for a fixed term of one year at a fixed amount of rent and Clause 29 authorized a continuation of the tenancy as a month-to-month tenancy upon the expiration of the lease. Clause 39 provided for increases in monthly rent only and did not specify whether those increases could be implemented during or only at the end of the lease term. Hence, an ambiguity arose as to whether the lease permitted a rental increase during the pendency of the lease— an ambiguity which was correctly construed against the drafter. The Board, therefore, did not err in concluding that the rental increase provisions applied only after the first year of Conley's and Toney's tenancies. *See 1901 Wyoming Avenue Cooperative Association v. Lee,* D.C.App., 345 A.2d 456 (1975). Moreover, in clear unambiguous language Clause 39 permits rental increases "in the event HUD authorizes [them]." There is no evidence in the record that HUD authorized a rental increase during the tenancies here at issue. Therefore, the petitioner was without authority to raise the tenants' rents pursuant to Clause 39. *Cf. Bianchi v. Ganz,* 82 Misc.2d 478, 369 N.Y.S.2d 611 (1975) (Landlord entitled to collect rental increase authorized by HUD after execution of lease agreement).

The question remains as to whether the rent increases were authorized by § 1687(a) of the Rental Housing Act of 1977.[3] The answer again is in the negative as § 1689(f)

and its bearing on the issues. Thus, the Rent Administrator and Commission did not violate the petitioner's due process rights by basing their decisions on an interpretation of Clause 39 and, in turn, considering other clauses in the lease agreement which bore directly on the meaning and effect of Clause 39. *See Jameson's Liquors, Inc. v. District of Columbia Alcoholic Beverage Control Bd.,* D.C.App., 384 A.2d 412, 416–17 (1978).

of the Act prohibits the adjustment of rent during the pendency of a fixed lease term.

*Affirmed.*

**3.** Although 24 C.F.R. § 403 (1979) provides for HUD preemption of local rent control laws when "the delay or decision of the local rent control board, . . . jeopardizes the Department's economic interest in a project . . .," HUD did not here preempt the 1977 Act. Hence, the maximum HUD approved rents were limited to those permitted under the 1977 Act.