488 A.2d 936 (1985)
WASHINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,
v.
Larry WHITESIDE, et al., Appellee.
No. 83-1214.
District of Columbia Court of Appeals.
Argued December 18, 1984.
Decided March 5, 1985.
*937 James H. Davidson, Washington, D.C., with whom W. Peyton George and Kathleen M. Courtney, Washington, D.C., were on the brief, for appellant.
Larry Whiteside, pro se.
Before NEWMAN, FERREN and TERRY, Associate Judges.
NEWMAN, Associate Judge:
Washington Federal Savings and Loan Association (Washington Federal) contends the trial court erred in dismissing its complaint for possession of certain real estate based on the trial court's deference to proceedings between the parties then pending before the Rent Administrator's Office (RAO). We affirm in part and remand.
The facts are not in dispute. Clark & Associates, Inc. (Clark) built a number of townhouses, including the one at issue in these proceedings. Washington Federal was the beneficiary of a Deed of Trust executed by Clark on these premises. Subsequent to the Deed of Trust, Clark leased the premises to Whiteside and two others (Whiteside) for a term of three years. After Clark defaulted on the note, Washington Federal caused the Trustees in the Deed of Trust to sell the premises. Washington Federal purchased the premises at the Trustees' sale and sent a notice to quit to Whiteside on May 23, 1983. On June 14, 1983, Whiteside filed a complaint with RAO.[*] On July 23, 1983, while the complaint was still pending before RAO, Washington Federal filed a suit for possession in Superior Court based on a 30-day notice to quit, contending that Whiteside was a "tenant" only within the meaning of D.C.Code § 45-222 (1981).
The essence of Washington Federal's contention in the administrative proceedings, in the trial court, and here, is that while Whiteside is a tenant at will as a result of the Trustees' sale of the premises, D.C.Code § 45-222 (1981), he is not a tenant within the meaning of the Rent Control Act. D.C.Code § 45-1501 et seq. (1981). The Hearing Examiner rejected this argument as did the Rental Housing Commission on appeal. Petitions for review of these rulings have been filed in this court with respect to these rulings by both sides  Nos. 84-640, 84-742, 84-789 (consolidated)  and are still pending here.
The RAO has primary jurisdiction to decide matters properly brought before them under the Rent Control Act. Drayton v. Poretsky Management, 462 A.2d 1115 (D.C.1983); Interstate General Corp. v. District of Columbia Rental Accommodations Commission, 441 A.2d 252 (D.C. 1982). Likewise, the RAO has jurisdiction to determine its jurisdiction over the complaint filed by Whiteside. See City Wide Learning Center, Inc. v. William C. Smith & Company, 488 A.2d 1310 (D.C. 1985); Auger v. District of Columbia Board of Appeals & Review, 477 A.2d 196, 207 (D.C.1984). The RAO having determined *938 the matter, and Washington Federal having exhausted its administrative remedies, its proper remedy is to petition for review in this court. See City Wide Learning, supra; Beal v. District of Columbia Rental Housing Commission, 474 A.2d 829 (D.C.1984).
The trial court did not err in deferring to the RAO based on its proper understanding of Drayton and Interstate. However, a proper ruling was not to dismiss but to stay further proceedings pending the final determination of the administrative proceedings, including judicial review, where sought. We remand for the entry of such an order.
So Ordered.
NOTES
[*] The complaint alleged, e.g., failure to register the unit; diminution of services; invalid notice to quit; housing code violations not corrected after notice, and retaliatory eviction.