**WASHINGTON FEDERAL SAVINGS & LOAN ASSOCIATION, Petitioner,**

**v.**

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**Larry WHITESIDE, et al., Petitioners,**

**v.**

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**Nos. 84–640, 84–742 and 84–789.**

District of Columbia Court of Appeals.

Argued March 5, 1985.

Decided May 16, 1985.

W. Peyton George, Washington, D.C., with whom James Harnden Davidson, Washington, D.C., was on brief, for petitioner Washington Federal Sav. & Loan Ass'n.

Larry R. Whiteside, pro se.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before NEWMAN, FERREN and TERRY, Associate Judges.

NEWMAN, Associate Judge.

The question presented in this appeal is whether a tenant of a defaulting deed of trust debtor becomes a tenant of the purchaser at the trustee's sale within the meaning of the Rental Housing Act (RHA) of 1980. D.C.Code § 45–1561 (1981). We agree with the ruling of the Rental Housing Commission (RHC) that they do. We affirm.[1]

The facts in addition to those above which are relevant to this opinion are set forth in the previous chapter of this litigation, *Washington Federal Savings & Loan Association v. Whiteside*, 488 A.2d 936 (D.C.1985). In essence, Washington Federal Savings & Loan Association seeks to have us overturn the ruling of the RHC that it was subject to the provision of the RHA of 1980 with respect to these premises. We have previously held that those in the same position as the parties here are subject to the RHA of 1980. *See Administrator of Veterans Affairs v. Valentine*, 490 A.2d 1165 (D.C.1985). We reaffirm that holding here. *See Totz v. Rental Accommodations Commission*, 412 A.2d 44, 46 (D.C.1980) (we will affirm the construction of a statute given by the agency charged with its interpretation and enforcement unless it is plainly wrong or inconsistent with the statute).

*Affirmed.*

Associate Judge TERRY dissents for the reasons stated in his dissenting opinion in *Administrator of Veterans Affairs v. Valentine, supra.*

---

1. Given our ruling on this issue, we need not address the other issues raised by Washington Federal S & L Ass'n. Since Whiteside did not exhaust his administrative remedies, we dismiss his petition for review.