Louise ROBINSON, Appellant,

v.

EDWIN B. FELDMAN COMPANY, Appellee.

No. 85–466.

District of Columbia Court of Appeals.

Argued May 29, 1986.

Decided Sept. 8, 1986.

Steven J. Kramer, Arlington, Va., with whom Barbara Berman, was on the brief, for appellant.

Jacob A. Kamerow, with whom Jeffrey M. Hamberger, Washington, D.C., was on the brief, for appellee.

Before NEWMAN,[*] BELSON, and ROGERS, Associate Judges.

PER CURIAM:

Appellant Robinson contends that the trial court erred in granting summary judgment for possession to landlord Edwin B. Feldman Company in this landlord and tenant action. Tenant's principal argument on appeal is that the trial court should have deferred to the primary jurisdiction of the Rental Housing Commission on the issue of whether any violations of the housing code had been abated. We affirm.

Landlord filed a hardship petition for a rent increase with the Rental Accommodations and Conversion Division, Department of Consumer and Regulatory Affairs. D.C. Code §§ 45–1517(c) and –1523. The Rent Administrator granted an increase with the proviso, *inter alia*, that any substantial housing code violations must be abated before the increase would go into effect.

When tenant Robinson defaulted subsequently in the payment of rent, landlord brought this action for possession based upon nonpayment of rent. The trial court found that any violation had been abated by January 9, 1985, entered a judgment for possession, and calculated the unpaid rent as of the time of judgment on the basis of

---

[*] *Associate Judge* NEWMAN concurs in the result.

the base rent amount for the period prior to January 9, 1985, and on the basis of the increased rent thereafter.

Tenant's principal contention on appeal is that the trial court should not have undertaken to determine whether the housing code violations had been abated, arguing that the court should have deferred on that matter to the primary jurisdiction of the Rental Housing Commission. Tenant urges that our holding in *Drayton v. Poretsky Management, Inc.,* 462 A.2d 1115 (D.C.1983), mandates that matters affecting the validity of rent increases be adjudicated not by the Landlord and Tenant Branch but by the Rental Housing Commission. Tenant misreads *Drayton.*

We observed in *Drayton* that "[u]nder the doctrine of primary jurisdiction, when a claim is originally cognizable in the courts but requires resolution of an issue within the special competence of an administrative agency, the party must first resort to the agency before he or she may sue for an adjudication." 462 A.2d at 1118 (citation omitted). We went on to note the complexity of rent increase proceedings, to reaffirm our holding in *Interstate General Corporation v. District of Columbia Rental Accommodations Commission,* 441 A.2d 252 (D.C.1982), that the Rent Administrator and Rental Accommodations Commission have primary jurisdiction over such proceedings, and to hold that the trial judge erred in undertaking to determine the validity of rent increases.[1] We also observed, however, that the trial judge in *Drayton* had acted correctly in considering and determining the related issue of the amount of rent abatements owing due to housing code violations, because "such issues routinely have been litigated in Superior Court for many years in both jury and nonjury trials." *Drayton* at 1122.

In the case before us, the complex issue of whether a hardship increase should have been granted had already been decided by the Rent Administrator before landlord brought the action for possession. Tenant had not appealed that decision to the Rental Housing Commission. In the possessory action, the trial court quite properly ruled upon the issue of whether the housing violations had been abated. Like the issue of the amount of a rent abatement by reason of housing violations addressed in *Drayton,* that issue is certainly within the competence of the Superior Court, and the doctrine of primary jurisdiction does not apply to it. Since neither this argument nor the others advanced by tenant are persuasive, the judgment on appeal is

*Affirmed.*

---

1. The Rental Accommodations Commission has been replaced by the Rental Housing Commission, D.C.Code §§ 45–1511, –1512 (1981).

