George SEMAN, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.

Halifax Square Associates, Intervenor.

No. 87–1265.

District of Columbia Court of Appeals.

Argued July 18, 1988.

Decided Jan. 24, 1989.

---

Calvin Steinmetz, Washington, D.C., for petitioner.

Frederick D. Cooke, Jr., Corp. Counsel, with whom Charles L. Reischel, Washington, D.C., Deputy Corp. Counsel, filed a statement in lieu of brief, but did not argue, for respondent.

Anne M. Magruder, Washington, D.C., for landlord/intervenor.

Before ROGERS,* Chief Judge, MACK, Associate Judge, and REILLY, Senior Judge.

REILLY, Senior Judge.

In his petition for review, a tenant occupying a single family townhouse owned by a partnership, Halifax Square Associates, challenges an action of the Rental Housing Commission allowing the partnership to increase his monthly rent. The agency determined that this particular rental unit, although a condominium, was exempted by statute from rent control and, hence, its owners were free to set whatever rental they deemed appropriate. The tenant urges that this decision should be set aside as being in conflict with one of the agency's own published regulations. In our opinion, the agency's action was correct, as it had no authority to impose rent ceilings upon the unit in question.[1] Accordingly, we affirm.

I

The rental unit which is the subject of this dispute is one of several row houses constructed in the early 1980's in the 2100 block of O Street, near Dupont Circle, pursuant to a revised building permit issued to A & M Investments, Inc., on May 9, 1979.[2] On June 1, 1982, George Seman (petitioner here) moved into one of these houses having signed a one year lease requiring monthly rental payments of $1,000, raised the following year to $1,100 by notice of the agent of the then lessor.[3] Seman continued to occupy the property at this monthly rate until May 30, 1986, when he was advised by a letter from the Halifax partnership, which had acquired title to the condominium from the previous lessor, that effective July 1, 1986, the rent for the property would be $1,800 per month. The tenant responded by filing a complaint with the Commission alleging that such rent exceeded the legally calculated rent ceiling for his unit.

At the time the petition was filed, rental housing in the District was regulated by a comprehensive statute—enacted by the Council the preceding year, 1985, as a substitute for previous laws on this subject.[4] It contained several exceptions from coverage, two of which are referred to in the Commission decision rejecting petitioner's complaint, viz.,

D.C.Code § 45–2515, "Registration and Coverage."

(a) Sections 45–2515(f) through 45–2529, except § 45–2527, shall apply to each rental unit in the District except:

\* \* \* \* \* \*

---

\* Judge Rogers was an Associate Judge of the court at the time of argument in this case. Her status changed to Chief Judge on November 1, 1988.

1. In this court, the Commission, although named as respondent, did not submit a brief or participate in oral argument, having filed a statement that it would rest upon its decision contained in the certified record. In oral argument, its position was supported by counsel for the intervenor, Halifax Square Associates.

2. The original permit for the project was dated August 10, 1978.

3. Although petitioner's brief and his "petition/complaint" submitted to the Commission on June 25, 1986, assert that the property was subject to rent control throughout petitioner's tenancy, this particular notice of an increase in rent dated April 26, 1983, contained the sentence: "You are further advised that this rental accommodation is not under rent control."

4. D.C. Law 6–10, July 17, 1985; D.C.Code §§ 45–2501 to 2594, incl. (1981 & 1986 repl.).

(2) Any rental unit in any newly constructed housing *accommodation for which the building permit was issued after December 31, 1975,* or any newly created rental unit, added to an existing structure or housing accommodation and covered by a certificate of occupancy for housing use issued after January 1, 1980, provided, however, that this exemption shall not apply to any housing accommodation the construction of which required the demolition of a housing accommodation subject to this chapter, unless the number of newly constructed rental units exceeds the number of demolished rental units;

(3) Any rental unit in any housing accommodation of 4 or fewer rental units, including any aggregate of 4 rental units whether within the same structure or not, provided:

(A) The housing accommodation *is owned by not more than 4 natural persons;*

(B) None of the housing providers has an interest, either directly or indirectly, in any other rental unit in the District of Columbia.

(Emphasis supplied.)

Shortly after the enactment of the new rent control statute, the Halifax partnership drew the attention of the Commission to the fact that the O Street condominia had been constructed under authorization of a building permit issued after December 31, 1975, by filing on November 13, 1985, a claim for exemption, which mentioned each of the rental units including petitioner's in the complex. Although this claim was promptly approved and an "exception number" granted, petitioner was not notified of this action until he received the landlord's letter of May 30, 1986, increasing his rent by $700.

5. 14 DCMR 4107.4(a).

6. The reference to "natural persons" is to the statutory limitation on the small landlord exemption which is quoted in the text, *supra,* as § 45–2515(a)(3)(A). The same wording appeared in an earlier statute, then codified as § 45–1516(a)(3)(A) and was construed by the agency as not granting the exemption to corpo-

The hearing examiner to whom the tenant complaint was referred, after reviewing the testimony and examining the documents submitted by the parties, rejected the complaint finding that the unit was exempt from the rent control act by subsection (a)(2) of § 45–2515, *supra,* because of the date of construction. Petitioner appealed to the Commission, contending that the rental unit in question was not exempt from rent control and that the examiner had erred in not giving effect to a regulation of the Commission itself, reading as follows:

4107.4 The following requirements shall apply to condominiums:

(a) Any rental units owned by a corporation, partnership, or condominium association may not be exempt and shall be registered by the association.[5]

Confronted with a conflict between the statute and its own regulation, the Commission rejected the tenant's appeal, noting that § 205(a)(2) of the Act [codified as § 45–2515(a)(2), *supra* ] exempted any rental unit in a newly constructed housing accommodation "regardless of the housing provider's business status." It contrasted the wording of the new construction subsection with § 205(a)(3) [codified as § 45–2515(a)(3) *supra* ], the socalled small landlord exemption, which excludes from rent control accommodations containing no more than four rental units, and then limits this exemption to accommodations "owned by no more than four natural persons." The Commission explained that the inclusion of the section of the regulations upon which the tenants relied, under a general heading was inadvertent for it was intended to deal only with the application of the small landlord exemption. The decision disclaimed authority to issue a regulation that would, in effect, amend the statute by limiting the [new construction] exemption to natural persons.[6]

rations or partnerships. The agency view that a partnership was not a "natural person" or a combination of the same was upheld by this court as a reasonable interpretation. *Price v. District of Columbia Rental Housing Commission,* 512 A.2d 263 (D.C.1986). Thus, had the agency, when it published new rules after the 1985 statute was enacted, clearly limited the

Contrary to petitioner's contention, we discern no error in the conclusion reached by the Commission. It is true that it is well established that an agency action made in violation of its own regulations cannot be sustained. *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *United States, ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). This proposition, however, is premised on the validity of the regulations. It has nothing to do with the application of regulations in conflict with statutes or beyond the statutory authority of an agency to promulgate. As we had occasion to point out, an agency adjudication cannot stand if the proceedings on which it is based violates a statute even though justified by rules or regulation the agency itself has published. *Washington Times v. District of Columbia Department of Employment Services,* 530 A.2d 1186, 1189–90, n. 7 (D.C.1987).

Petitioner also advances the argument that the regulation upon which his case depends was consistent with the statute as it was not the legislative intent of the new construction exemption to confer its benefits upon partnerships or other business entities which purchase new buildings from the developers. We agree with the Commission, however, in its conclusion that the omission from that particular subsection, § 45–2515(a)(2), of the limiting restriction of "natural persons" in the small landlord exemption revealed that non-coverage of any rental unit built after 1975 was plenary. It is a familiar canon of statutory interpretation that if a limiting proviso is employed in one place in a statute, but omitted in another, courts should assume such omission was intentional. *See* 2A SUTHERLAND, STATUTES & STATUTORY CONSTRUCTION § 47.38 & n. 18 (4th ed. 1984 & 1988 Supp.).

This court "will not look beyond the plain meaning of a statute when the language is unambiguous and does not produce an absurd result." *Gibson v. Johnson,* 492 A.2d 574, 577 (D.C.1985) (interpreting scope of small landlord exemption); *see Marshall v. District of Columbia Rental Housing Commission,* 533 A.2d 1271, 1274 (D.C. 1987). Here the Commission reconciled an apparent conflict between the statute and its own regulation by deferring to the clear language of the statute and construing its own regulation in light of the entire statutory scheme.[7] In our opinion, its disposition constituted a reasonable and consistent interpretation of the Rental Housing Act. *See Revithes v. District of Columbia Rental Housing Commission,* 536 A.2d 1007, 1014–16 (D.C.1987); *Marshall, supra,* 533 A.2d at 1274–75.

AFFIRMED.

---

challenged regulation to the small landlord exemption, its validity would be accepted.

7. Petitioner, on the other hand, urges us to interpret the regulatory provision in isolation, which contradicts a basic rule of this court that "statutory provisions must not be viewed in isolation, but together with related provisions." *Guerra v. District of Columbia Rental Housing Commission,* 501 A.2d 786, 790 (D.C.1985).