Susan HANSON, et al., Petitioners,

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,**
Respondent,

Jo Freeman, Intervenor.

**Jo FREEMAN, Appellant,**

v.

**Vicki FOXWORTH, et al., Appellees.**

Nos. 88–1216, 89–648.

District of Columbia Court of Appeals.

Submitted Dec. 7, 1990.

Decided Jan. 7, 1991.

Morris R. Battino, Washington, D.C., was on the brief, for petitioners and appellees.

Herbert O. Reid, Sr., Corp. Counsel, with whom Charles L. Reischel, Deputy Corp.

Counsel, Washington, D.C., filed a memorandum in lieu of brief for respondent.

Jo Freeman, pro se was on the brief for intervenor-appellant.

Before ROGERS, Chief Judge, and FARRELL, Associate Judge, and PRYOR, Senior Judge.

PETITION FOR REVIEW OF AN ORDER OF THE DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION

ROGERS, Chief Judge:

These consolidated appeals involve appeals by the tenants from the decision of the Rental Housing Commission (Commission) and by their landlord from the denial of reconsideration of an order denying release of funds held in the court registry pursuant to a protective order.

In Appeal No. 88–1216 the tenants appeal from a decision of the Commission that intervenor-landlord, Jo Freeman, had met the "special circumstances" exemption under the "small landlord" provision of the Rental Housing Act of 1980.[1] D.C.Code § 45–1516(a)(3) (1981).[2] They contend that the Commission should have dismissed Freeman's appeal from the Rental Accommodations and Conversion Division (RACD) of the Department of Consumer and Regulatory Affairs since she failed to comply with the Commission's regulations regarding the procedural requisites for filing an appeal. The tenants also contend that the

Commission erred when it found that Freeman qualified under the small landlord provisions of the Rental Housing Act. We affirm.

In Appeal No. 89–648, the landlord appeals from the denial of her motion for reconsideration of the denial of release of funds paid into the Landlord and Tenant Branch registry pursuant to an action for possession filed in the Landlord and Tenant Branch of the Superior Court. Since our affirmance of the Commission's decision in the tenants' appeal effectively disposes of the issue presented in the landlord's appeal, we remand this case to the trial court to conduct a *McNeal*[3] hearing on whether there existed code violations during the time the protective order was in effect to justify an abatement of the rent paid into the registry.

I.

The property is a single family house located at 1738 Riggs Place, N.W. It has two rental units, one comprised of the first, second and third floors, the other a basement apartment. Intervenor Freeman, who was a tenant in the building, purchased the property in 1979.

Freeman moved to New York to attend law school a short time after purchasing the property and began renting both units. The present dispute involves the claims of persons belonging to three separate tenant groups who rented the upstairs unit.[4] At

---

1. The Rental Housing Act of 1980 and its regulations control the dispute in this case because the petition was filed under the 1980 Act. *See* D.C. Code § 45–2593 (1990 Repl.); *Boer v. District of Columbia Rental Hous. Comm'n,* 564 A.2d 54, 55 n. 3 (D.C.1989).

2. D.C.Code § 45–1516(a)(3)(C) provides an exemption from rent control for:

   Any rental unit in any housing accommodation of 4 or fewer units, including any aggregate of 4 units whether within the same structure or not: Provided, that: (A) Such housing accommodation is owned by not more than 4 natural persons; (B) none of such owners has an interest, either directly or indirectly, in any other rental unit in the District of Columbia; and (C) the owner(s) of such housing accommodation shall file with the Rent Administrator a claim of exemption statement

which shall consist of an oath or affirmation by such owner(s) of the valid claim to the exemption.

3. *McNeal v. Habib,* 346 A.2d 508, 514 (D.C.1975).

4. Tenants Cantrell, Sunden, Weilbacker, and Hoffman were part of a group that entered into a lease with Freeman for the upstairs unit for one year (September 1982 through September 1983) at a rate of $1,200 a month. Tenants Hoffman, Nunez, Sunden and Weilbacker were part of a second group that entered into a lease with Freeman for eleven months thereafter (September 1983 to August 1984) at a rate of $1,200 per month. Tenants Arditi, Foxworth, Hanson, and Winkler were part of a third group of tenants who entered into a lease with Freeman for one year (September 1984 to September 1985) at a rate of $1,300 per month.

no time during the rental period, from September 1982 to September 1985, had Freeman filed a claim of exemption from rent control under D.C.Code § 45–1516(a)(3) (1981).

The tenants filed a petition with the RACD on February 25, 1985, alleging that Freeman had collected rents beyond the maximum allowable under the rent ceiling established pursuant to D.C.Code § 45–1517 (1981), and that Freeman was not entitled to the small landlord exemption in section 45–1516 since she had failed to file a claim of exemption with the Rent Administrator.[5] A hearing examiner agreed with the tenants, granted a rent refund in the amount of $25,251.51, and awarded attorney's fees, but denied the tenant's request for treble damages.

Both parties appealed to the Rental Housing Commission. The tenants filed a motion to dismiss Freeman's cross-appeal on the ground that she had neither complied with the hearing examiner's order nor timely requested a stay and posted a bond prior to filing the appeal.[6] The tenants interpreted the Commission's regulations on a stay pending appeal, 14 DCMR §§ 3302.1–3302.8 (1983), to require dismissal of an appeal where the appellant has not complied with the hearing examiner's order nor filed a motion to stay pending the appeal.

The Commission denied the tenants' motion, ruling that its regulations regarding

stays pending appeal were inconsistent with *Strand v. Frenkel,* 500 A.2d 1368 (D.C.1985), and therefore invalid. The Commission reasoned that:

> the logic which dictated the Court's holding in *Strand* is equally applicable to decisions of the Rent Administrator which order monetary awards, and we are compelled to conclude, following *Strand* and *Whiteside,* that a Rent Administrator's order to pay money is not final for enforcement purposes [in the Superior Court] until the opportunity for Commission and appellate review have been exhausted. This being the case, it follows logically and inevitably that there is no need for the appellant [as was required by the 1980 Act regulations] to move to stay enforcement of the order under review; its enforcement is deemed stayed by operation of law.

On the merits, the Commission reversed the decision of the hearing examiner awarding a refund to the tenants. It ruled that the rental unit was exempt from rent control even though Freeman had failed to file an exemption as required by D.C.Code § 45–1516(a)(3) (1981). The Commission held, in accordance with its decision in *Gibbons v. Hanes,* No. TP 11,076 (July 11, 1984), that "special circumstances" existed exempting Freeman from filing the certificate of exemption. Specifically, the Commission concluded that Freeman met the

---

**5.** Shortly before filing the petition the tenants still living in the upstairs unit stopped paying the full rent provided for in the lease. On April 9, 1985, Freeman filed an action for possession. On April 23, 1985, the judge issued a protective order requiring the tenants to deposit $6,500 into the registry of the court. Under the protective order both parties consented to stay enforcement of the order and withhold the monies in the registry pending the outcome of the RACD petition. Judgment was awarded for Freeman on August 6, 1985, and the tenants were evicted.

Over the course of several years the tenants and later Freeman sought the removal of the stay and the release of the funds from the registry. On each occasion the motions judge denied the motion, holding that the action in the Landlord Tenant Branch was intertwined with the petition filed in the RACD, and that the funds could not be released until the decision regard-

ing the petition became final. Finding that under the terms of *Drayton v. Poretsky Management,* 462 A.2d 1115, 1120 (D.C.1983), the judge is required to stay proceedings until after the Court of Appeals has reviewed the petition, the motion's judge, on April 24, 1989, denied Freeman's motion to reconsider his denial of the motion to lift the stay. It is from this denial that the appeal in No. 89–648 was taken.

**6.** The Commission's regulation at 14 DCMR § 3302.7 (1983) requires all parties:

> to comply with the final order of a hearing examiner, except when a party has filed a timely notice of appeal to the Commission and has been granted a stay pending appeal by the Commissioner assigned to the matter.

In order to receive a stay pending appeal, a party must file a motion, and if the order appealed involves a monetary award, either purchase a supersedeas bond or establish an escrow account. 14 DCMR §§ 3302.1, 3302.5 (1983).

special circumstances exception because "she is not a landlord regularly," and was "reasonably unaware of the requirement of filing a claim of exemption." Relying on the analysis by the hearing examiner with respect to the request for treble damages, the Commission also determined that the evidence sustained a finding of special circumstances with respect to the issue of liability.

## II.

A. Procedural Challenge. The tenants initially contend that the Commission should have dismissed Freeman's appeal for failure to follow the Commission's regulations. They contend that *Strand v. Frenkel, supra,* does not require the Commission to invalidate the regulations regarding stays pending appeal, and the Commission should have followed its regulations and dismissed the appeal.

An agency, of course, must follow its own regulations. *See Seman v. District of Columbia Rental Hous. Comm'n,* 552 A.2d 863, 866 (D.C.1989); *see also Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). Nevertheless, if an agency's regulation is invalid—*i.e.* in conflict with the statutes, beyond the statutory authority of an agency, or violates jurisdictional doctrines—the agency is not bound by its regulations and its decision to depart from the regulations will be upheld. *Seman, supra,* 552 A.2d at 866; *Columbia Mfr. Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983). This court is required to defer to an agency's interpretation of its own regulations where that interpretation is reasonable. *Charles E. Smith v. District of Columbia Rental Hous. Comm'n,* 492 A.2d 875, 877 (D.C.1985).

In *Strand v. Frenkel,* the court held that the statute of limitations on an action to enforce a Commission decision does not begin to run until judicial review has been exhausted. 500 A.2d at 1374. The decision was based on the doctrine of primary jurisdiction; the Commission action was not "final" and could not be enforced in the trial court until after judicial review of the agency's action was complete or the appeal

period has expired. *Id.* If Commission actions cannot be judicially enforced, then it would seem to follow logically that RACD decisions of the hearing examiner also cannot be enforced until appellate review has been exhausted. *See Washington Fed. Sav. & Loan Ass'n v. Whiteside,* 488 A.2d 936 (D.C.1985). If the decisions of the hearing examiner cannot be enforced until after judicial review, then there is no need for rules requiring a motion to stay since decisions of the examiner are, in effect, automatically stayed. Since the regulations were inconsistent with the doctrine of primary jurisdiction, the Commission was not bound to follow them. *Seman, supra,* 552 A.2d at 866.

In any event, the regulations do not, as the tenants contend, require dismissal where a party fails to file a motion to stay prior to appealing. Rather, 14 DCMR § 3302.8 (1983) plainly states that:

If a party that has not been granted a stay is not in compliance with the order of the hearing examiner when that party comes before the Commission at an appeal hearing, the Commission *shall hear and decide the appeal* and may refer the non-compliance to the Rent Administrator for action. [Emphasis added].

B. "Special Circumstances Exemption for Small Landlord." The tenants contend that the Commission improperly applied the "special circumstances" exception because, they maintain, the *Gibbons* exception should not apply where (1) the landlord rented a two-unit building; (2) the landlord never lived in the upper unit, but rented it continuously for six years; and (3) the landlord is a competent attorney and should have been aware of the filing requirement.

In reviewing an agency's application and interpretation of its own order, the statute it administers and the regulations it promulgates, the court will defer to the agency unless the interpretation is based on a faulty legal premise, is inconsistent with the statute or other law, or is an abuse of discretion. *Boer, supra,* 564 A.2d at 58 (quoting *Remin v. District of Colum-*

*bia Rental Hous. Comm'n*, 471 A.2d 275, 277 (D.C.1984)). We find no such abuse here.

■ In *Boer, supra*, 564 A.2d at 57, the court deferred to the Commission's interpretation of D.C.Code § 45–1516(a)(3)(C) (1981) and § 45–1591(a) (1981), first articulated in *Gibbons, supra*, allowing a landlord to prove special circumstances which would excuse the failure to file a claim of exemption. In *Gibbons*, the Commission stated that this exception would apply:

> *for example* [ ] [where] a landlord who rents a single-family home, within which he has resided, at a reasonable rent but who fails to file a claim of exemption, ... if he can establish to the satisfaction of the Examiner that he is not a landlord regularly and that he reasonably was unaware of the requirement of filing a claim of exemption. [Emphasis added].

*Boer, supra*, 564 A.2d at 56 (quoting *Gibbons, supra*, TP 11,076 at 3).

The tenants contend that the Commission impermissibly departed from *Gibbons* when it applied the exception to a landlord who did not rent a single family home, but a two-unit dwelling. However, *Gibbons*, imposed no such limitation on the special circumstances exception. In referring to a landlord who rents a single family home, *Gibbons* merely provided an example of a situation where the landlord may qualify for the special circumstances exception and not an immutable rule. *Gibbons* itself involved a landlord who owned four units. Moreover, in approving *Gibbons*, the court in *Boer*, focused not on whether the landlord was renting a single family home, but on whether the landlord "was reasonably unaware of the requirement of filing a claim of exemption," was a "landlord regularly," and "charged a reasonable rent." [7] *Boer, supra*, 564 A.2d at 57. Hence, we conclude that the Commission's interpretation of *Gibbons* as not requiring the landlord to be renting a single family home is a "reasonable gloss" on the *Gibbons* decision.

Neither is the second allegedly distinguishing factor cited by the tenants—that Freeman at no time lived in the upstairs unit and continuously rented the unit to tenants for six years—inconsistent with *Gibbons*. The Commission interpreted the requirement that the landlord not be a "landlord regularly" as meaning that the landlord was one "not in the business of renting property." Tenants, however, argue that the requirement means that the landlord at some point must reside in the rented unit.

The tenants do not present any support for their interpretation. Nowhere in *Gibbons* did the Commission imply that a landlord live in the rented unit. *See Boer, supra*, 564 A.2d at 57 (citing with approval a Commission decision which deemed the *Gibbons* exception to apply to owners who "are not commercial landlords, in the customary sense...."). Moreover, in 1975 the Council of the District of Columbia eliminated the occupancy requirement of the small landlord provision that would have required the landlord to have resided in the unit in order to receive the exemption, D.C. Code § 45–1642(a)(5) (1976 Supp.), thus suggesting that the small landlord provision was not concerned with whether the landlord resided in the unit, but whether the landlord was one principally in the real estate business. *See Revithes v. District of Columbia Rental Hous. Comm'n*, 536 A.2d 1007, 1014 (D.C.1987).

Finally, the fact that the landlord is an attorney and may have some sophistication with legal matters does not compel the conclusion that the Commission erred in finding that Freeman was unaware of the requirement to file an exemption. In the context of determining whether to assess treble damages, the hearing examiner found that Freeman had reason to be unaware of the requirement to file the claim of exemption. The Commission adopted this finding assessing liability, and since there is support in the record, we have no

---

7. Although the hearing examiner did not address this last requirement, the Commission concluded that the rents charged by Freeman were reasonable for the area where the property is located.

reason to disturb this finding. *See Remin, supra,* 471 A.2d at 277.

The evidence revealed that Freeman was not a real estate professional and had prepared the lease by herself, without hiring a rental agent or an attorney. In addition, shortly after purchasing the property she moved to New York to attend law school, only returned to the District to live for a brief period in 1983, and never received notice from the District government that she was required to file a certificate of exemption. Freeman's circumstances thus fit the rationale cited approvingly in *Boer, supra,* 564 A.2d at 57 n. 8 (impractical to expect a non-commercial landlord whose "work assignment [took] [her] elsewhere," to "comply with th[e] technical requirement [of filing the exemption]."). *Id. Flores v. District of Columbia Rental Hous. Comm'n,* 547 A.2d 1000 (D.C.1988), and *Lynch v. Meridian Hill Studio Apartments Inc.,* 491 A.2d 515 (D.C.1985), on which the tenants rely, are inapposite.[8]

### III.

The landlord appeals the denial of her motion to reconsider the denial of the motion to lift the stay on the ground that the landlord-tenant possessory action had no connection with the petition before the Rental Housing Commission. She maintains that the stay should have been lifted and the monies released since the underlying issue in the possessory action became moot when the tenants were evicted in August 1985, and the monies paid into the court registry represents rents due after she complied with the small landlord exemption by filing a certificate.

The precise issue of whether the motions judge should have imposed a *Drayton* stay[9] is moot since our decision in the tenants' appeal affirms the Commission's

order and the agency's action is now final. The tenants contend that prior to the release of the monies from the court registry they are entitled to a *McNeal* hearing to determine whether there were housing code violations while the protective order was in effect.[10] Because the presence or absence of housing code violations may entitle the tenants to a reduction in rent before disbursing funds paid into the registry, *Habib v. Thurston,* 517 A.2d 1, 19 (D.C.1985), we remand the case to the trial court with instructions to hold a *McNeal* hearing on whether housing code violations existed during the time of the protective order as would justify an abatement of the rent paid into the court registry. *McNeal v. Habib, supra,* 346 A.2d at 514.

---

**8.** Since we affirm on the ground that Freeman meets the special circumstances exception, we need not address the tenants' claims that the Hearing Examiner and Commission erred in denying treble damages, and in determining the proper base rent ceiling. In addition, we need not address Freeman's arguments that the statute violates due process and the Eighth Amendment prohibition against excessive fines.

**9.** *Drayton v. Poretsky Management, supra,* 462 A.2d at 1115.

**10.** The tenants raised the issue of housing code violations at the hearing to reconsider the denial of the motion to lift the stay. The landlord below did not contest the tenants' request for a *McNeal* hearing.