**REGIONAL CONSTRUCTION COMPANY, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**Michael D. Baker, Intervenor.**

**No. 90–1230.**

District of Columbia Court of Appeals.

Argued Nov. 14, 1991.

Decided Dec. 20, 1991.

---

———————

W. Stanwood Whiting, Columbia, Md., for petitioners.

Amy L. Epstein, Washington, D.C., for intervenor.

John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., filed a statement in lieu of brief, for respondent.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and PRYOR, Senior Judge.

TERRY, Associate Judge:

Michael Baker injured his back and leg in January 1987 when he fell while working as a carpenter for Regional Construction Company. A hearing examiner for the Department of Employment Services (DOES) awarded disability benefits to Baker, and on appeal the Director of DOES affirmed that order. Regional and its insurance carrier, Hartford Accident and Indemnity Company, now seek review of the Director's decision, contending that they did not receive notice of the hearing on Baker's claim in the manner prescribed by statute. We hold that because petitioners in fact had almost two months' actual notice of the hearing and fully participated in it, they were not prejudiced by the admittedly defective notice sent by DOES. We therefore affirm the Director's decision.

In August 1987 Baker applied for disability benefits under the workers' compensation statute, D.C.Code § 36–303 (1988). His counsel filed a request for formal hearing on September 22, 1988, pursuant to D.C.Code § 36–320(c), and listed W. Stanwood Whiting on the form as the carrier's attorney.[1] On October 7 DOES mailed to Baker and to Whiting a notice of a pre-hearing conference scheduled for November 15. At that time, however, neither Mr. Whiting nor his law firm had been retained to represent the carrier in the District of Columbia proceedings on Baker's claim. Consequently, although Baker's attorney appeared at the November 15 conference, no one was there to represent petitioners (the employer and the carrier). Because of their failure to send a representative to the conference, the hearing examiner set a hearing for *"ex parte* proof" on January 11, 1989.

At the January 11 hearing, petitioners were represented by counsel, who introduced evidence and cross-examined Baker, the sole witness. Following the hearing, the examiner issued a compensation order awarding Baker total disability benefits from the date of the accident through the present and continuing. On an administrative appeal the Director of DOES affirmed that order.

 Petitioners ask this court to reverse the Director's decision on the ground that they did not receive "fair and adequate notice" of the formal hearing in January 1989 on Baker's claim. D.C.Code § 36–320(c) provides that DOES "shall give the claimant and other interested parties at least 10 days notice of [a formal] hearing, served personally upon the claimant and other interested parties or sent to such claimant and other interested parties by registered mail or certified mail...." This was not done. As the hearing examiner stated, there was no indication in the record that "any notice ... was sent out subsequent to the pre-hearing conference on November 15, 1988, advising Employer's counsel, or Claimant's counsel for that matter, that the matter was being set down for *ex parte* proof."

Petitioners claim that they were prejudiced by the defective notice because they were unable to present evidence on the issue of whether the District of Columbia had jurisdiction over Baker's claim. At the hearing below, however, their counsel conceded that he had received notice of the pre-hearing conference as well as a letter from Baker's attorney dated November 16, 1988, stating that a hearing on *ex parte*

---

1. Mr. Whiting was then representing petitioners in connection with a disability claim that Baker had previously filed in Maryland involving the same injury.

proof was scheduled for January 11, 1989. Counsel also admitted that he had been retained no later than November 16, 1988. Thus nearly two months passed in which petitioners could have notified the hearing examiner that the notice of the pre-hearing conference had been sent to an attorney who did not then represent them and could have contested the *ex parte* format set for the hearing. At the very least, petitioners could have requested a continuance or availed themselves of the opportunity to prepare for the hearing. They did none of these things. Petitioners' counsel did, however, attend the January hearing, where he cross-examined Mr. Baker and introduced evidence on his clients' behalf.

If the formal hearing had in fact been limited to *ex parte* proof by Mr. Baker, without any involvement by petitioners' counsel, this would be a different case. But that did not happen. Instead, the hearing examiner allowed Mr. Whiting to participate fully in the proceedings, despite his absence from the pre-hearing conference; indeed, the examiner denied a motion by Baker's counsel to proceed "under the rules of *ex parte* proof" in accordance with the earlier order. Consequently, even though the notice of the hearing was defective, we fail to discern any prejudice resulting from the defect. Simply put, any error arising from the faulty notice was harmless.

Petitioners also assert that the District of Columbia did not have jurisdiction over Baker's claim because his employment at the time of the injury was not "principally localized" in the District, as required by D.C.Code § 36–303(a) (1988). We hold, to the contrary, that there was substantial evidence in the record to support the hearing examiner's ruling that there was such jurisdiction. *See* D.C.Code § 1–1510(a)(3)(E) (1987).

Finally, petitioners ask us to remand the case so that they may offer additional evidence, "particularly on the issue of jurisdiction." We deny this request. Although petitioners assert that they have records in their possession showing the number of hours worked by Baker in the District of Columbia, they have not shown, either here or before DOES, that "such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence" at the hearing. D.C.Code § 36–322(b)(3) (1988). We note also that petitioners never asked the hearing examiner to keep the record of the hearing open after January 11 so that they might submit such evidence.

We do not condone DOES's conduct in failing to comply with statutory requirements for notifying the parties of the formal hearing. In some other case, such a failure may well result in reversal. Here, however, because petitioners received actual notice of the pre-hearing conference, had advance knowledge of the formal hearing, and participated in it, we perceive no prejudice in this case arising from the defective notice.

*Affirmed.*