Reginald F. Martin, III, for petitioner.

Rosalyn Calbert Groce, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the Memorandum in Lieu of Brief, for respondent.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Petitioner contends that the District of Columbia Taxicab Commission failed to follow the procedures prescribed by its regulations in considering the exceptions which petitioner noted to a proposed decision of a hearing examiner imposing two civil fines for taxicab infractions specified in 31 DCMR § 825.1 (1990). We conclude that while the process by which the Commission rendered its decision may have been defective, that defect provides no basis for reversing the decision, as the Commission rejected the merits of petitioner's challenge to the examiner's imposition of the fines, and petitioner presents no argument as to why that rejection was wrong.

**LE CHIC TAXICAB COMPANY,**
Petitioner,

v.

**DISTRICT OF COLUMBIA TAXICAB COMMISSION, Respondent.**

No. 91–AA–1172.

District of Columbia Court of Appeals.

Argued Sept. 17, 1992.
Decided Oct. 9, 1992.

I.

Petitioner, Le Chic Taxicab Company, was issued two notices of taxicab infractions (tickets) on October 12, 1990. The first ticket charged that petitioner permitted an unlicensed hacker to operate one of its taxicabs, and the second charged that petitioner failed to have a duly issued certificate in the possession of the operator demonstrating that the taxicab was licensed for operation. *See* 31 DCMR § 825.1. Petitioner requested a hearing on the infractions and was notified that a hearing was scheduled for February 14,

1991, before a hearing examiner. *See* 31 DCMR § 400.2. When petitioner failed to attend the hearing, the examiner proceeded to render a decision finding it liable and imposing fines. Petitioner filed timely exceptions to the decision under 31 DCMR § 403.1, alleging that the tickets "were void on their face" because, although they identified the vehicle in question, they did not list the name and address (as well as operator's number) of the vehicle owner.[1] Under 31 DCMR § 403.3, petitioner's exceptions were to be referred to a three-member component of the Commission's Panel on Adjudication for adoption of a final order. Instead, however, the entire nine-member Panel on Adjudication treated the exceptions as a request for reconsideration of a final decision and order of a "hearing panel" constituted to adjudge matters *other than* notices of infractions (tickets). *Compare* 31 DCMR §§ 400.1, 400.2, and 403.3 *with* 31 DCMR § 354.1. The Panel ruled that petitioner had not met the criteria for reconsideration under 31 DCMR § 354.2,[2] but went on also to reject on the merits the claim that the tickets had to identify the owner, pointing out that "there are ma[n]y reasons that an owner may not be named at the time of issuance of a ticket, including the operator's refusal to produce documentation."

## II.

■ It appears that the Commission, in considering petitioner's exceptions to the hearing examiner's decision, confused the procedures applicable to notices of taxicab infractions (31 DCMR, Chapter 4) with the

procedures governing other contested matters subject to hearing under 31 DCMR § 323.1. Although 31 DCMR § 323.1(d) includes among the persons who may request a hearing before a hearing panel "[a] person who wishes to contest the imposition of a civil fine pursuant to § 825 of this title for alleged [taxicab] infractions," 31 DCMR § 400.2 expressly makes the hearing procedures of Chapter 4 (not Chapter 3) applicable to "a request for a hearing pursuant to § 323.1(d) of chapter 3 of this title...." Chapter 4 was added to the taxicab regulations by Final Rulemaking published at 36 D.C.Reg. 5844 (Aug. 11, 1989). The Notice of Final Rulemaking expressly states that the new rules "supersede all rules and regulations applicable to the disposition of notices of infractions issued to taxicab operators or owners for the violation of Commission rules and regulations." 36 D.C.Reg. 5844. Hence petitioner's exceptions to the hearing examiner's decision should have been considered by a three-member component of the Panel on Adjudication, as provided in Chapter 4. For the same reason, we cannot accept the Commission's reliance in its brief on 31 DCMR §§ 323.6 and 325.4 for the proposition that petitioner "abandoned" its claim by failing to appear at the hearing before the examiner; those provisions no longer apply to proceedings involving the disposition of notices of infractions. *See* instead 31 DCMR § 401.4 ("In the event the respondent fails to attend a scheduled hearing without good cause, the hearing examiner may hear evidence and render a proposed decision").[3]

---

1. Petitioner argued, without citation to any authority, that the tickets had to personally identify the violator because they were "personal infractions." Petitioner further cited to 31 DCMR §§ 329.1 and 330.1 as requiring that the violator be named and that there be a signed acknowledgement on the ticket that the vehicle owner had been "served" with the tickets—although those regulations on their face do not pertain to information required on the tickets themselves.

2. The Panel further noted that it could not disturb the decision of the hearing examiner "who was present, and able to determine the credibility of witnesses and evidence"—even though no witnesses had testified before the examiner and the only evidence considered was the tickets themselves.

3. Petitioner correctly notes that because the hearing examiner, in making his proposed decision, appeared to rely on the charged infractions themselves and petitioner's failure to appear, he did not enter findings of fact and conclusions of law as required by 31 DCMR § 402–1(b). However, in its appeal and objections filed with the Commission, petitioner did not cite these procedural defects; it made only the objections recited in note 1, *supra.* We decline to consider these issues not urged at the administrative level. *See Goodman v. District of Columbia Rental Hous. Comm'n,* 573 A.2d 1293, 1301 (D.C.1990).

■ Despite the procedural error petitioner identifies, we are unable to perceive any prejudice that it suffered as a result of the Commission's handling of his challenge to the fines. The full Panel on Adjudication did not merely find that petitioner failed to meet the criteria for reconsideration of a "hearing panel" decision; it rejected on the merits petitioner's argument that the tickets should be regarded as "personal infractions" and therefore had to bear the violator's name, address, and operator's number, as well as proof of service on the vehicle owner. Consequently, a remand to permit a three-member component of the Panel (31 DCMR § 403.3) rather than the entire Panel to consider petitioner's exceptions would be pointless; it is apparent the Commission would reach the same result. *See Arthur v. District of Columbia Nurses' Examining Bd.*, 459 A.2d 141, 146 (D.C. 1983) ("[R]eversal and remand is required only if substantial doubt exists whether the agency would have made the same ultimate finding with the error removed"); *Regional Constr. Co. v. District of Columbia Dep't of Employment Servs.*, 600 A.2d 1077 (D.C.1991). Furthermore, in its brief in this court petitioner has not addressed the merits of the hearing examiner's failure to declare the tickets "void on their face"; the brief makes no attack on "the substantive ground" of the Panel on Adjudication's rejection of the exceptions filed to the examiner's decision. In these circumstances, we find no basis on which to reverse the Commission's decision.

*Affirmed.*