**Mary A. SLABY, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

No. 95–AA–1550.

District of Columbia Court of Appeals.

Argued Nov. 13, 1996.

Decided Dec. 12, 1996.

Mary Ann Slaby, pro se.

Charles F.C. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, entered appearances on behalf of the District of Columbia Rental Housing Commission.

Before TERRY, STEADMAN, and FARRELL, Associate Judges.

FARRELL, Associate Judge:

Petitioner Slaby, who sublet two apartments in a building she was renting, challenges a decision of the District of Columbia Rental Housing Commission (RHC) sustaining an order of a hearing examiner that required her to refund rent to the subtenants which was found to be excessive. We affirm.

The hearing examiner concluded that Slaby had violated the provision of D.C.Code § 45–2516(a) (1996) which states: "No tenant may sublet a rental unit at a rent greater than that tenant pays the housing provider." The examiner found that for a two-month period in 1990, Slaby had charged the tenants a combined rent of $1232 per month while paying her landlord a monthly rent of $750; and that for a six-month period later that year she had collected the same monthly rent while paying her landlord a reduced rent of $600 a month. After concluding that Slaby had charged the excessive rent "know-

ingly," D.C.Code § 45–2591(a), the examiner ordered her to refund the difference, with statutory interest. *Id.* The RHC sustained the order of refund.

■ Slaby argues that she did not charge excessive rent because under the terms of her (unwritten) agreements with the subtenants, she paid for their use of utilities and furnished and made repairs to the units, and included those expenses in the monthly rent. The RHC concluded, however, that the statute did not allow petitioner to do this. It relied on the statutory definition of "rent," which means the "amount of money ... demanded, received, or charged by" the housing provider. D.C.Code § 45–2503(28). The statutory focus, in the RHC's view, is thus on what Slaby paid her landlord, not what she offered her tenants. Under the statute, Slaby could make her tenants individually responsible for their utilities and repairs associated with the rental units, but she could not bear those expenses herself and pass them on in the form of rent.

■ "In reviewing the construction of a statute by the agency charged with its interpretation and enforcement, the agency's interpretation is controlling unless it is plainly erroneous or inconsistent with the statute." *Totz v. District of Columbia Rental Accommodations Comm'n,* 412 A.2d 44, 46 (D.C. 1980) (per curiam). Here, the language of §§ 45–2516(a) and 45–2503(28) supports the reasonableness of the agency's interpretation. Moreover, as the RHC pointed out, the prohibition against a sublessor charging more rent to subtenants than paid to her landlord comports with a general purpose of the Rental Housing Act of 1985: "[t]o protect low- and moderate-income tenants from the erosion of their income from increased housing costs." D.C.Code § 45–2502(1). Although the legislative history sheds no additional light on the purpose of § 45–2516(a), the legislature may well have feared that the sort of upgrading which Slaby undertook (for example, by furnishing the sublet apartments) would place available housing beyond the reach of low- and middle-income tenants. Slaby's landlord could request an increase in the rent ceiling upon a showing of "substan-

tial[ ] increase[ ]" in the related services or facilities he provided. D.C.Code § 45–2521. Absent such increase, however, the rent Slaby could charge was capped at the rent charged her by her landlord.

■ Slaby's remaining arguments are likewise unpersuasive. She contends that, as a sublessor and not the owner of the property, she was not subject to rent control and so not required to register with the Rent Administrator. D.C.Code § 45–2515(f). The argument is refuted by the language of § 45–2515(f), requiring registration by each "housing provider," combined with the definition of "housing provider" as including a "sublessor." D.C.Code § 45–2503(15). *Cf. Guerra v. District of Columbia Rental Hous. Comm'n,* 501 A.2d 786, 790–91 (D.C.1985) (landlord and sublessor both "landlords" subject to rent ceiling provisions of Rental Housing Act). The RHC also correctly rejected Slaby's assertion that "special circumstances" excused her failure to request exemption under the "small housing provider" exception to registration. *See* D.C.Code § 45–2515(a)(3)(C); *Hanson v. District of Columbia Rental Hous. Comm'n,* 584 A.2d 592, 595–97 (D.C.1991). Slaby has provided us with no record basis for disturbing the hearing examiner's application of the *Hanson* "special-circumstances" criteria, specifically, the examiner's finding that she was an experienced landlord to whom knowledge of the need to file a claim for exemption was reasonably imputed. *See also Boer v. District of Columbia Rental Hous. Comm'n,* 564 A.2d 54, 57–58 (D.C.1989).[1]

■ Slaby contends that the hearing examiner erred in failing to dismiss the tenant petitions challenging the rent because she did not receive copies of the petitions before the hearing. The regulations required the tenants to file the original and four copies of each petition. 14 DCMR § 3901.9 (1991).

Upon the filing of the petitions, the Rent Administrator was obliged to notify Slaby of her right to a hearing and send her a copy of each petition. *Id.* §§ 3902.3, 3902.4. Slaby was notified of the hearing, which she attended on August 8, 1991. The examiner, evidently crediting her assertion that she had not been sent the petitions, gave her copies and continued the hearing until September 12 to allow her to prepare.[2] The RHC pointed out that Slaby herself could have requested copies of the petition earlier, which may be correct (the notice of hearing referred to the tenant petitions) but does not excuse the Rent Administrator's apparent failure. More to the point, the RHC concluded that the continuance cured any problem of inadequate notice. We agree. Even if a petition is improperly filed, the Rent Administrator has discretion whether to dismiss it on that ground. 14 DCMR § 3903.4(a). And 14 DCMR § 3911.4 states that "[a]ctual receipt of service shall bar any claim of defective service, except for a claim with respect to the timeliness of service." As the regulations provide no specific time by which Slaby was required to be furnished with the petitions, the RHC properly ruled that service at the hearing together with a reasonable continuance overcame any earlier failure to serve her as required. *Cf. Regional Constr. Co. v. District of Columbia Dep't of Employment Servs.,* 600 A.2d 1077, 1079 (D.C.1991) (defects in notice harmless error where party had actual notice and fully participated in hearing); *Shiflett v. District of Columbia Bd. of Appeals & Review,* 431 A.2d 9, 11 (D.C. 1981) (per curiam).

Slaby's request, in her motion for reconsideration by the RHC, for a set-off in the amount of a settlement which the tenants had received in an action against her landlord, was properly rejected by the RHC as not having been raised in the notice of appeal. *See* 14 DCMR § 3807.4. Finally, there

---

1. Since Slaby concededly never filed for the statutory exemption, she is in no position to challenge the RHC's alternative holding that she could not avail herself of the small landlord exemption since she was a sublessor and not an owner. Had Slaby sought and been denied exemption on that ground, the issue would be ripe for our consideration. As she did not, and as the examiner and the RHC found her failure to do so

inexcusable, we have no reason to consider the hypothetical correctness of the RHC's alternative reason for rejecting her reliance on the small landlord exemption.

2. Slaby asserts in this court that she later asked for additional continuances, but has furnished us with no record support for the assertion.

was no error in the RHC's award of $1518.75 in attorney's fees to counsel for the tenants for work done before the RHC (while requiring the tenants to petition at the hearing examiner level for fees associated with proceedings there). *See Ungar v. District of Columbia Rental Hous. Comm'n,* 535 A.2d 887, 892 (D.C.1987) (per curiam).

*Affirmed.*