MCLEESE, Associate Judge,
concurring in the judgment in part and dissenting in part:
I agree with the court that the Board’s ruling in this case was not tainted by the Board’s awareness that petitioner Alema-yehu had offered to settle the case and faced an investigation in another matter. I also agree with the court that the case should be remanded for the Alcohol Beverage Control Board to determine whether petitioner Alemayehu is a communication-impaired person within the meaning of the local statute governing the appointment of interpreters in judicial and administrative proceedings, D.C.Code § 2-1901 et seq. (2012 Repl.). I write separately on the latter point to provide a brief explanation of my reasoning. First, at the December 2012 show-cause hearing before the Board, an interpreter translated the proceedings for Ms. Alemayehu. At the same hearing, Ms. Alemayehu’s attorney represented to the Board that his client did not understand English well enough to understand his advice and explanations. Taken together, these circumstances put the Board on notice of substantial grounds for concern that Ms. Alemayehu was a communication-impaired person. Cf., e.g., United States v. Tapia, 631 F.2d 1207, 1209-10 (5th Cir.1980) (where defendant had benefit of interpreter at arraignment, trial court erred by failing to inquire about defendant’s need for interpreter in later proceedings). Second, even in the absence of a request, the Board had discretion to appoint an interpreter for Ms. Alemayehu *1104 in connection with the subsequent proceedings before the Board. D.C.Code § 2-1902(c). Third, in light of the grounds for concern, the Board was obliged to inquire into whether Ms. Alemayehu was a communication-impaired person. Cf., e.g., Luna v. Black, 772 F.2d 448, 451 (8th Cir.1985) (per curiam) (“When a trial court is put on notice that there may be some significant language difficulty, the court should' determine whether an interpreter is needed ....”) (internal quotation marks omitted). Fourth, simply accepting the reassurance given by Ms. Alemayehu’s new attorney was not an adequate inquiry, given the prior use of an interpreter and the conflict between the new attorney’s reassurance and the representations of previous counsel. At a minimum, the Board should have inquired directly of Ms. Ale-mayehu. Cf., e.g., Bates v. United States, 834 A.2d 85, 95-96 (D.C.2003) (trial court abused discretion by failing to conduct further inquiry on issue of juror bias; given conflict between testimony of one witness and proffer of counsel as to testimony of another witness, trial court was required to hear directly from latter witness and to conduct whatever other inquiry was needed in order to have “firm factual foundation” for ruling).
I respectfully dissent from- the court’s disposition of petitioner’s belated contention that, in revoking Ms. Alemáyehu’s license, the Board abused its discretion by failing to consider the potential applicability of a 2013 amendment to D.C.Code § 25-830(c)(3) (in cases involving licensee’s fourth primary-tier violation, permitting Board to suspend license and impose substantial fine, rather than revoking license). Ms. Alemayehu apparently never brought that amendment to the Board’s attention. Nor did' Ms. Alemayehu rely on that amendment in her brief in this court, instead simply arguing in a conclusory manner that license revocation was an unreasonably harsh sanction. The Board did mention the amendment in its brief in this court, arguing that the amendment was inapplicable. Ms. Alemayehu did not file a reply brief. It was not until oral argument in this court that Ms. Alemayehu first contended that the Board erred by failing to consider the 2013 amendment. Under well settled principles, this court normally would not consider a claim raised so belatedly. See, e.g., D.C. Library Renaissance Project/West End Library Advisory Grp. v. District of Columbia Zoning Comm’n, 73 A.3d 107, 124 n. 9 (D.C.2013). I see no extraordinary circumstances justifying a departure from these well settled principles. To the contrary, any assumed error by the Board in failing to consider the 2013 amendment would clearly be harmless, given that the Board expressly concluded, in the exercise of its discretion, that revocation rather than fine or suspension was the proper sanction. I understand that, at the time the Board reached that conclusion, the Board may not have been considering the possibility of a fine as large as would be permissible under the 2013 amendment. But I see no reason to suppose that the Board would have been inclined in this case to forgo revocation in favor of suspension and a larger fine. Rather, in revoking Ms. Alemayehu’s license, the Board explained that Ms. Ale-mayehu had “shown she cannot comply with the law, and that she has no regard for public safety, or the quality of life of residents.” Under the circumstances, remanding' to require the Board to consider the potential applicability of the 2013 amendments would be unwarranted even if Ms. Alemayehu had properly presented this issue to the Board and to this court. Cf., e.g., Le Chic Taxicab Co. v. District of Columbia Taxicab Comm’n, 614 A.2d 943, 945 (D.C.1992) (per curiam) (remand warranted “only if substantial doubt exists *1105 whether the agency would have made the same ultimate finding with the error removed”)' (internal quotation marks omitted).
In sum, I would remand for the Board to determine whether Ms. Alemayehu is a communication-impaired person. If so, the Board would have to conduct new proceedings, and in that setting the Board could appropriately consider the potential applicability of the 2013 amendments. But if Ms. Alemayehu is not a communication-impaired person, then in my view the Board should be permitted to reinstate the prior order in its Entirety.