**James O. MACAULEY, Petitioner,**

v.

**DISTRICT OF COLUMBIA TAXICAB COMMISSION, Respondent.**

No. 91–AA–376.

District of Columbia Court of Appeals.

Argued April 8, 1993.

Decided April 30, 1993.

James O. Macauley, pro se.

Philip Lattimore, Asst. Corp. Counsel, for respondent. John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Sidney R. Bixler, Asst. Corp. Counsel, were on the brief for respondent.

Before ROGERS, Chief Judge, and STEADMAN and SULLIVAN, Associate Judges.

PER CURIAM:

Petitioner, a taxicab driver, appeals from a decision imposing a $50 civil fine for "loitering," purportedly rendered pursuant to regulations of the Taxicab Commission.[1]

---

1. Nowhere in the record before us is a citation made to the precise regulation that appellant was charged with violating. The ticket merely states "loitering—the 7th cab." The government in its brief asserts that the charged offense was an alleged violation of 31 DCMR § 821.2 (1990), which reads in pertinent part: "When a taxicab stand is occupied to its full capacity, no taxicab shall loiter or wait nearby for the purpose of occupying space on the stand." Another form of loitering is governed by § 819.3: "No taxicab operator shall loiter with a taxicab around or in front of any hotel, theater, public building, or place of public gathering, except to take on or discharge a passenger." *See also* D.C. Code § 40–725 (1990). It appears that the ticket was

Because the procedures followed by the administrative agency do not follow those set forth in its own regulations, we vacate the decision and remand for further proceedings.

## A.

Alerted to the necessity of dealing with the issue of a remand,[2] the government conceded at oral argument that administrative proceedings for violations such as the one charged to appellant are governed by 31 DCMR ch. 4, entitled "Hearing Procedures Applicable to Notices of Infractions." Briefly, that chapter provides that upon a request for a hearing by a person who wishes to contest the imposition of a civil fine, the following administrative procedures shall be followed. First, the case is assigned to a hearing examiner, who shall hold a hearing. §§ 323.1(d), 400.2. Upon completion of the hearing, the hearing examiner shall issue a "proposed decision." § 402.1. Any party may file written exceptions within ten days, whereupon the chairperson of the Taxicab Commission "shall designate a three member component of the [Panel on Adjudication] to consider the record of the hearing, the proposed decision, and the written exceptions, and to hear any argument to be presented." § 403.3. *See also* 40 D.C. Code § 40–1709.-1(c) (1992 Supp.). An order adopted by a three member component of the panel, unless appealed to the full Panel on Adjudication within ten days, becomes final; when such an appeal is taken, the Panel may issue a final order or adopt the order of the three member component as its final order. §§ 404.2, 404.3. Thereafter an appeal may be taken to this court. § 404.4. *See* D.C. Code § 1–1510(a) (1992).

## B.

██ Despite the government's arguments to the contrary, we do not find it reasonably possible to square the actual proceedings before the agency with the requirements of the Commission's own procedural regulations. The record before us reveals the following sequence of events. On October 26, 1990, petitioner was sent a notice that a hearing on the ticket he received for a "hacking violation" would be held "per your request on Tuesday, Nov. 20, 1990 before a hearing examiner for the Panel on Adjudication." That hearing was held as scheduled, at the conclusion of which the hearing examiner announced: "Ticket number 891112622, loitering, I'm going to hold you liable and impose a fine of fifty dollars. You have a right to appeal my decision." A "Hearing Record Order" dated that same day was signed by the hearing examiner imposing the $50 fine and written in under a section entitled "Comments: [Include findings of fact and conclusions of law]" was the following: "IO [Investigating Officer] stated that Resp. was the seventh cab on a five cab stand. Resp. stated that he was cleaning his cab behind the hack stand." At the bottom of the form a printed legend appeared, stating "If you wish to appeal this hearing result, you must file within ten days of the date of this decision to the Panel on Adjudication, D.C. Taxicab Commission. Directions for how to file such an appeal are available in the Commission's offices."[3]

Presumably in response to this notice, petitioner on the same day as the hearing examiner's decision filed a second "request for hearing" before the Panel on Adjudication "as provided in its rules of organization and procedure." To this form notice, petitioner attached a handwritten note stat-

---

given to appellant because he was the seventh cab in line at the J.W. Marriott Hotel at Pennsylvania Avenue and 14th Street, N.W., outside the marked taxicab waiting zone.

2. We issued a pre-argument order in this appeal asking that the parties be "prepared to address the issue of whether the case should be remanded to the agency for further proceedings pursuant to 31 DCMR ch. 4."

3. The government asserts that this "order" was the "proposed decision" contemplated by § 402.1. However, it gives no indication of any such tentative status; moreover, the party is not invited to file written exceptions but instead is told that he or she may file an appeal.

ing: "I am appealing the decision because all over in the District of Columbia, there are limitations on the number of cabs to a hotel stand which number is posted in front of the hotel," but that "at the J.W. Marriott there is no such limitation" and therefore "one has to conclude that there is no such limitation."[4]

In response to this, petitioner received a letter with a typewritten date of January 29, 1991, and bearing a date stamp of March 5, 1991. The letter stated in its two opening paragraphs:

> On 11/20/90 you requested reconsideration of the decision of a Taxicab Commission Hearing Examiner regarding the above listed ticket.

> This is to inform you that your request for reconsideration of your hearing decision before the Panel on Adjudication, District of Columbia Taxicab Commission has been denied.

The letter then quotes from 31 DCMR § 354.2,[5] which controls the right to a rehearing and states the five grounds which may be invoked. The letter then concludes:

> Your request for reconsideration has failed to meet the above requirements and hence, must be denied.

> You may appeal this decision within thirty days to the District of Columbia Court of Appeals.

The letter is signed "BY ORDER OF THE PANEL ON ADJUDICATION" with a set of initials "for Barbara W. Garnett."

The government asserts that this letter constitutes compliance with the procedures set forth in chapter four. We cannot agree. The hearing examiner did not issue anything which purported to be a "pro-

posed decision." No notice was given of a right to file "written exceptions." There is no indication that the Chairperson appointed a three member panel or who its members were or that any such panel heard "any argument to be presented" or that the panel either adopted the proposed order or issued its own. No notice was given of any right of further appeal to the full Panel on Adjudication, nor is there any ruling by the full Panel. In short, nothing in the letter suggested that it was anything other than what it purported to be: a ruling on a "motion for reconsideration," found in a different chapter and addressed to a situation where the original deciding hearing panel is asked to reconsider its own decision.[6]

### C.

■ It is a basic tenet of administrative law that an administrative agency is bound to follow its own rules and regulations. *See Service v. Dulles,* 354 U.S. 363, 388–89, 77 S.Ct. 1152, 1165, 1 L.Ed.2d 1403 (1957); *Seman v. District of Columbia Rental Housing Comm'n,* 552 A.2d 863, 866 (D.C. 1989); *Dankman v. District of Columbia Bd. of Elections,* 443 A.2d 507, 513 (D.C. 1981) (en banc).[7] Since, insofar as we can determine from this record and from oral argument before us, this principle was not adhered to here, we must vacate the order and remand for further proceedings in accordance with this opinion. *See* D.C. Code § 1–1510 (1992).

*So ordered.*

---

4. *Inter alia,* petitioner seeks to have us review the legal issue. Because of the limited procedures followed here, we do not have before us a reasoned interpretation by the agency of its own regulations to which we can afford the requisite deference.

5. The letter cited to 18A DCMR § 354.2. However, as of October 1990, the regulations for "Taxicabs & Public Vehicles for Hire" are contained in Title 31 in lieu of Title 18A. The section on rehearings bears the same number in the old Title 18A and the new Title 31, 354.2.

6. We previously have taken note of the disparity between the Commission's regulations and its actual practice in adjudicating taxicab infractions. *See Le Chic Taxicab Co. v. District of Columbia Taxicab Comm'n,* 614 A.2d 943 (D.C. 1992). In that case, however, unlike the one before us, the Panel on Adjudication reached the merits. See note 4, *supra.*

7. We do not attempt to deal here with any issues relating to possible failure to comply with the statutory provisions governing decision-making by the Commission or its Panel on Adjudication. *See* D.C. Code §§ 40–1701 through –1720 (1990).