Sandra A. KINGSLEY, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS, BOARD OF ACCOUNTANCY, Respondent.**

No. 93–AA–437.

District of Columbia Court of Appeals.

Submitted March 17, 1995.
Decided May 1, 1995.

Sandra A. Kingsley, pro se.

Erias Hyman, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Phillip A. Lattimore III, Asst. Corp. Counsel, were on the brief, for respondent.

Before FERREN, TERRY, and STEADMAN, Associate Judges.

FERREN, Associate Judge:

Petitioner appeals a decision of the District of Columbia Board of Accountancy denying her application for a "certificate," D.C.Code § 2–107(k) (1994 Repl.), and a "permit," *id.* § 2–114(a) (1994 Repl.), to practice as a certified public accountant (CPA) in the District. She based her application on a request for waiver of the usual examination and, in lieu thereof, asked for an "endorsement" (and thus acceptance in the District) of her Maryland CPA certificate. *See id.* § 2–107(k). Petitioner contends the Board abused its discretion (1) by imposing an "attest function" experience requirement not found in the statute or regulations governing issuance of "permits" to practice public accounting, D.C.Code § 2–114(a); 17 DCMR § 2504.4 (1990); (2) by ruling that, in any event, the attest function requirement can be met only by persons experienced in "public accounting practice" (a kind of experience petitioner admittedly did not have); and (3) by considering only two years of petitioner's nearly 20–year accounting experience.

We cannot ascertain from the Board's findings and conclusions whether the Board, in ruling that petitioner did not meet the work experience requirements for a "permit," denied her application on the ground that (A) as a matter of law, no CPA from another jurisdiction who lacks experience in "public accounting practice" can qualify for "endorsement" of a CPA certificate under § 2–107(k) and for a "permit" under § 2–114(a), or instead ruled on the narrower basis that (B) a licensed CPA, without public accounting experience, is not necessarily precluded from receiving an endorsed certificate and a related permit, but that petitioner's particu-

lar accounting experience is insufficient nonetheless.

If the former is true—if the Board denied petitioner's application as a matter of law for lack of public accounting experience—then there are serious questions whether that limitation is arbitrary and capricious, *see* D.C.Code § 1–1510(a)(3)(A) (1992 Repl.), in view of regulations that appear to recognize the acceptability of "private or governmental employment," as well as "public accounting practice," to meet the required work experience. *See* 17 DCMR §§ 2504.2–3.

If, on the other hand, the reason for denial is petitioner's particular accounting experience, then there are serious questions whether the Board, in considering only her two-year employment experience since attaining her Maryland CPA certificate, was arbitrary and capricious in declining to evaluate her application in light of all her accounting experience, or at least her experience since attainment of her baccalaureate degree—especially if a demonstration of "attest function" experience was required.

Accordingly, we must remand the case to the Board for further proceedings and clarification.

### I.

Petitioner, Sandra A. Kingsley, a resident of Silver Spring, Maryland, applied to the Board on December 4, 1990 for a certificate to practice accounting in the District of Columbia by "endorsement" of her Maryland CPA certificate, *see* D.C.Code § 2–107(k), and for a related "permit" to do so, *see id.* § 2–114(a).[1] Petitioner had received a bach-

---

1. It appears from the statute that someone who seeks to practice public accounting in the District of Columbia, whether by passing a written examination, *see* D.C.Code § 2–107(a)(4), or by obtaining Board "endorsement" of a CPA certificate from another jurisdiction, *see id.* § 2–107(k), cannot actually practice public accounting here without also obtaining a "permit" to do so based on at least two years of particularized accounting experience, *see id.* §§ 2–107(h), –114(a), including at least 500 hours of further specified experience, *see* 17 DCMR § 2504.4. In this case, petitioner filed an application for a CPA "license" on a form supplied by the Department of Consumer and Regulatory Affairs and participated in a proceeding that appears to have merged consider-

ation of her applications for a certificate and for a permit. It is not apparent to us why a CPA, licensed in another jurisdiction, could not seek a CPA certificate from the District of Columbia by endorsement, without also asking for a permit with its understandably heavy experience requirements. The statute appears to contemplate valid certificate holders who do not hold permits, *see id.* § 2–107(i), –114(b), and the statute does not impose an experience requirement on those CPAs who seek only an endorsement, *see id.* § 2–107(k). In sum, apparently one can receive and hold an "endorsed" CPA certificate—in effect, a District of Columbia CPA certificate—that does not authorize the holder to practice public ac-

elor of science degree with a major in accounting from the University of Maryland in May 1988 and had been licensed as a CPA in Maryland since June 1990.[2] Petitioner also received a Virginia CPA license by reciprocity based on her Maryland license.

In her application, petitioner stated that she had been a Marriott Corporation employee since April 1976; that she had begun working at Marriott as an entry level accountant; that she had been promoted to accounts manager in 1980; and that she had received promotion to a controller's position in 1986. Petitioner submitted an academic transcript and three character references in addition to a certificate of experience written by a Marriott division vice president, certifying that petitioner had over 1,000 hours of full-time accounting experience in operational audits.

The Board mailed petitioner a notice of intent to deny her application on the ground that she had failed to show that she had met both the 500 hour accounting experience requirement in 17 DCMR § 2504.4 and the general experience requirements of D.C.Code § 2–114(a). Petitioner requested a hearing to contest the Board's proposed decision.

At the hearing, on November 3, 1992, petitioner testified that she had worked for almost 20 years in the accounting field[3] and that she was a member of the American Institute of Certified Public Accountants, as well as the Maryland and Virginia Associations of Certified Public Accountants. Con-

sidering petitioner's accounting experience between June 19, 1990 (when petitioner had been licensed as a CPA in Maryland) and November 3, 1992 (the date of the hearing),[4] the Board found that petitioner's work experience was "not in character and variety substantially equivalent to accounting experience gained in public accounting practice," and that it did not involve "applying generally accepted accounting auditing standards so as to be able to issue an independent report in conformity with generally accepted accounting principles." Finding of Fact No. 10. The Board specifically found that petitioner did not have any experience in the "attest function," i.e.,

in the conduct of an examination in accordance with generally accepted auditing procedures culminating in the issuance of a report in conformity with generally accepted accounting principles while maintaining adherence to the independent standard.

Finding of Fact No. 8. Concluding, therefore, that petitioner did not meet the experience requirements of D.C.Code § 2–114(a) and of 17 DCMR § 2504.4, the Board denied her application. Petitioner appeals the Board's decision.

## II.

### A.

 Where an administrative agency is delegated broad authority to administer a statutory scheme, this court defers to the

---

counting without a permit but is nonetheless separately obtainable. Because petitioner does not seek to distinguish between the "endorsement" and "permit" processes (presumably because she wants to practice public accounting in the District), and because the Board used both terms in its order denying petitioner's application, we do not explore this distinction further.

2. Petitioner passed the uniform CPA written examination, which is used in both Maryland and the District of Columbia.

3. Petitioner's first accounting job was as an administrative assistant at Laventhol and Horvath, a CPA firm. In 1976, petitioner worked as a corporate secretary at Unity Equity Corporation. Marriott Corporation hired petitioner as an administrative assistant in 1976 and promoted her to an entry level accountant later that year. Between 1977 and 1986, petitioner was promoted

to the position of a staff accountant and then to that of an accounting manager. In January 1986, petitioner became the regional operations controller of Marriott's Management Services Division. She became manager of accounting and field control at the Marriott headquarters in 1988 and, in 1989, became Marriott's employee benefits controller.

4. This time period only encompassed petitioner's experience as benefits controller at Marriott. The Board found that, in this position, petitioner was responsible for unemployment compensation cost control and benefit accounting departments; that she produced and maintained benefit plan financial records; and that she prepared working papers for audits performed by independent auditors.

agency's interpretation of the statute if reasonable. *See Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C.1988) (citation omitted). The agency's interpretation, therefore, is binding on the court unless it conflicts with the plain meaning of the statute or its legislative history, or is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See Nova Univ. v. Educational Inst. Licensure Comm'n*, 483 A.2d 1172, 1190–91 (D.C.1984); D.C.Code §§ 1–1510 (1992 Repl.), 11–722 (1992 Repl.).

■■■■ The District of Columbia Board of Accountancy is charged with regulating persons practicing and professing expertise in accountancy in the District. *See* D.C.Code §§ 2–101, –103(i)(2)–(3). According to statute, the Board will issue a CPA certificate to an applicant who:

(1) Is at least 18 years of age;

(2) Is of good moral character;

(3) Is a resident of the District or has been regularly employed in the District for the immediate 6 months prior to the final date for accepting applications for the written examinations.... [5];

(4) Has passed a written examination in accounting and auditing and such related subjects as the Board shall determine to be appropriate;

(5)(A) Holds a baccalaureate degree with a concentration in accounting conferred by a college or university recognized by the Board or holds that which the Board determines to be substantially the equivalent thereof; or

(B) Holds a baccalaureate degree acceptable to the Board supplemented with the equivalent of an accounting concentration including related courses in other areas of business administration; and

(6) Has paid all required fees.

D.C.Code § 2–107(a)(1)–(6). Under D.C.Code § 2–107(k), the Board, in its discretion, may waive the written examination requirement and issue a CPA certificate by "endorsement" to an applicant who, in addition to meeting the § 2–107(a) requirements as to age, academic qualifications, fees, and character, *see id.* § 2–107(k)(2), "[i]s a certified public accountant of a state" (or holds an equivalent certificate from a foreign country) where "the requirements for such certificate are, in the opinion of the Board, equivalent to" the District's requirements, *id.* § 2–107(k)(1), and "[d]eclares his or her intention under oath" to obtain employment in the District "for the purpose of engaging in full time public practice" as a CPA, *id.* § 2–107(k)(3).

The Board, however, may not issue to any CPA certified elsewhere a "permit to engage in the practice of public accounting in the District of Columbia" until the certificate holder demonstrates at least two years of experience in either:

(1) Auditing books and accounts of other persons in accordance with generally accepted auditing standards;

(2) Reviewing financial statements and supporting material covering the financial conditions and operations of private business entities to determine the reliability and fairness of the financial reporting and compliance with generally accepted accounting principles;

(3) Such other experience including auditing and accounting experience in a governmental agency as the Board in its discretion regards as qualifying experience under the facts and circumstances of individual cases; or

(4) Any combination of the foregoing.

D.C.Code § 2–114(a)(1)–(4). In addition, applicable regulations, *see id.* § 2–114(a), require a permit applicant to show that he or she has engaged in "the full-time practice of accounting during regular business hours for the full period specified," 17 DCMR § 2504.1, and has at least 500 hours of experience in:

---

**5.** Also eligible is "an employee of a certified public accountant or a firm of certified public accountants registered to practice in the District [who] has been a bona fide resident of a foreign country for a period of not less than 18 months preceding the date of filing an application and is not qualified to be examined and to receive a certificate of certified public accountant in the state of last residence solely because of the aforesaid residence abroad." D.C.Code § 2–107(a)(3).

(a) Application of a variety of auditing procedures and techniques to the usual and customary financial transactions recorded in accounting records;

(b) Preparation of audit working papers covering the examination of the accounts usually found in accounting records;

(c) Planning of the program of audit work including the selection of the procedures to be followed;

(d) Preparation of and analysis of financial statements including explanations and notes; and

(e) Preparation of written explanations and comments on the findings of the examination and on the content of the accounting records.

17 DCMR § 2504.4. Regulation 17 DCMR § 2504.2 provides that the two-year, full-time practice requirement identified in 17 DCMR § 2504.1, *see* D.C.Code § 2–114(a), applies "whether the experience of the applicant was obtained in public accounting practice or in private or governmental employment." Finally, 17 DCMR § 2504.3 specifies that accounting experience in "private or government employment shall qualify [for meeting permit experience requirements] if, in the opinion of the Board based upon a review of the character and variety of experience of an applicant, that experience was substantially equivalent to the experience requirements set forth in [17 DCMR] § 2504.4."

### B.

Petitioner contends that the Board's actions were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, *see* D.C.Code § 1–1510, in so far as they (1) imposed an "attest function" requirement for obtaining a permit, (2) ruled that the attest function and other experience requirements under D.C.Code § 2–114(a) and 17 DCMR § 2504.4 could be met only by persons engaged in the practice of public accounting, and (3) considered only two years of petitioner's accounting experience in determining that she did not meet the requirements of 17 DCMR § 2504.4.

### (1)

■ As to petitioner's first contention, although neither D.C.Code § 2–114(a) nor 17 DCMR § 2504.4 explicitly requires experience with the "attest function," we must agree with the District, given our deferential standard of review, that the Board has the statutory discretion (coupled with presumed expertise) to interpret § 2–114(a) to require attest function experience before the Board issues a § 2–114 permit to someone who holds, or is applying for, a § 2–107 endorsement of a CPA license from another jurisdiction.[6] We also agree that the Board's requirement of attest function experience is reasonable in light of the Board's responsibility to assure that individuals who receive CPA certificates and annual permits to practice public accounting in the District have experience with independently and objectively applying generally accepted accounting principles. Moreover, as the District points out, the attest function requirement reflects statutory requirements that an applicant have the ability to "audit [ ] books and accounts of other persons" and to "review [ ] financial statements and supporting material covering the financial conditions and operations of private business entitles," in order "to determine the reliability and fairness of the financial reporting and compliance with generally accepted accounting principles." D.C.Code § 2–114(a)(1), (2).

Indeed, we assume that the Board does not limit the "attest function" requirement to CPAs certified by endorsement but, rather, imposes the requirement on all CPAs who apply for a § 2–114 permit, including those who are certified on the basis of a written examination, since the permit requirements do not distinguish between CPAs who have taken the examination here and have qualified for a certificate by endorsement.

### (2)

■ We are troubled, however, by petitioner's second contention: that the Board apparently has determined that attest func-

---

**6.** Under the circumstances here, where petitioner is applying for both an endorsed certificate and a permit, we do not understand the Board to be saying that "attest function" experience is required for the endorsement; it is required only for the permit. See *supra* note 1.

tion and other accounting experience required under D.C.Code § 2–114(a) and 17 DCMR § 2504.4 can be demonstrated only by persons who have engaged in public accounting. The Board's findings of fact state in relevant part:

8. Applicant has no experience in the attest function of a public accountant, that is, in the conduct of an examination in accordance with generally accepted auditing procedures culminating in the issuance of a report in conformity with generally accepted accounting principles while maintaining adherence to the independent standard.

9. *As an employee of a private company* where applicant, as part of management, performs accounting functions for the company, *[a]pplicant's experience is not imbued with the requisite objectivity and independence to constitute the practice of public accounting.* [Emphasis added].

10. *Applicant's work experience, that of an accountant who works directly for and with the management of the company being audited, is not in character and variety substantially equivalent to accounting experience gained in public accounting practice* .... The goal of such former experience is not the same as the goal that directs the practice of public accounting, to-wit: applying generally accepted auditing standards so as to be able to issue an independent report in conformity with generally accepted accounting principles. While much of the technical work is similar in both experiences, the choice of programs, application, analysis, and ultimate opinion may diverge widely depending upon whether the experience is in public accounting practice or private employment. *Applicant's work is performed for her employer's benefit, rather than for reliance by third parties.* [Emphasis added].

It is unclear, from these findings, whether the Board determined that petitioner's particular accounting experience at a private corporation was insufficient, or whether it concluded, more broadly, that persons, such as petitioner, who practice accounting in private employment—but not in a public accounting firm—as a matter of law cannot qualify for "endorsement" and a "permit" to practice public accounting in the District.

If the Board intended the former, then the Board—apropos of petitioner's third claim of error—has not attempted to justify or otherwise make clear why it limited consideration of her accounting experience to the period since she attained her Maryland CPA certificate, instead of all her accounting experience of nearly 20 years or at least her accounting experience since receiving her baccalaureate degree. Neither the two-year experience requirement of § 2–114(a) nor the 500 hours experience requirement of 17 DCMR § 2504.4 is limited to a particular time period. In its brief, the District justifies this limitation on the ground that the Office of Corporation Counsel

has been advised that it is the custom and practice of the Board, when determining whether an individual has sufficient accounting experience to practice public accounting, to only consider accounting experience that is obtained after an individual receives either a CPA license or a bachelor's degree.

The District then added that application of this custom "is well within the Board's broad discretion," citing 17 DCMR § 2504.3 (permitting Board to consider "[e]xperience obtained in private or governmental employment," in addition to experience obtained in public accounting practice recognized in 17 DCMR 2504.2, if private or government experience was "substantially equivalent" to experience requirements of 17 DCMR § 2504.4).

The problem—the apparent arbitrariness—is the Board's failure to look at substantially *all* the applicant's accounting experience, especially when requiring experience with the "attest function." It is not clear whether all applicants for CPA endorsements and related permits, or only a few (including petitioner), are limited to scrutiny of their experience from the date of the CPA certificate from another jurisdiction, rather than from some earlier time (such as attainment of a baccalaureate degree). Furthermore, it is unclear whether the Board would have looked at a longer period of experience if petitioner had applied for a certificate and a

permit based on a written examination, rather than on an application for endorsement. The Board at least should have explained why it could properly limit its experience inquiry.

 On the other hand, we perceive even greater difficulties if the Board denied petitioner's application as a matter of law because she did not have work experience with a public accounting firm. Regulations 17 DCMR §§ 2504.2 and 2504.3 respectively provide:

> The requirements of § 2504.1 [requiring "full-time practice of accounting during regular business hours for the full period specified" for compliance with the permit requirements of D.C.Code § 2–114(a)] apply whether the experience of the applicant was obtained in public accounting practice *or in private employment.*

> *Experience obtained in private or government employment shall qualify if,* in the opinion of the Board based upon a review of the character and variety of experience of an applicant, that experience was substantially equivalent to the experience requirements set forth in § 2504.4.

These regulations suggest that, contrary to the analysis that the Board appears to have given in petitioner's case, it is possible to achieve qualifying experience with the attest function through "private accounting practice." There is a serious question, therefore, in light of this language in the regulations, whether the Board has acted pursuant to its own regulations. *See Macauley v. District of Columbia Taxicab Comm'n,* 623 A.2d 1207, 1209 (D.C.1993) ("It is a basic tenet of administrative law that an administrative agency is bound to follow its own rules and regulations.") (citations omitted).[7]

\* \* \*

We have agreed with the District that the Board has statutory authority to impose an "attest function" experience requirement for § 2–114(a) permits. We cannot be sure, however, that under either possible reading of the Board's ruling the Board has properly

dealt with petitioner's application here. Accordingly, we remand the case for further proceedings to address the ambiguities and other concerns expressed in this opinion.

*So ordered.*

---

7. In challenging the Board's authority to require "attest function" experience as a condition for a § 2–114(a) permit, petitioner does not contend that the Board failed to give her adequate notice of such a requirement under the statute or the regulations.