Katie Hyun–Jung CHUNG, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS, Board of Accountancy, Respondent.

No. 97–AA–699.

District of Columbia Court of Appeals.

Argued Feb. 24, 1999.

Decided May 25, 2000.

Michael W. Beasley, with whom John A. Ordway, Jr., Washington, DC, was on the brief, for petitioner.

Sharlene E. Williams, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Charles R. Reischel, Deputy Corporation Counsel, were on the brief for respondent.

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and PRYOR, Senior Judge.

RUIZ, Associate Judge:

The District of Columbia Board of Accountancy (Board) denied Katie Hyun–Jung Chung's application for a permit to practice public accounting in the District of Columbia. In her petition for review, Ms. Chung contends that the Board abused its discretion in determining that she failed to satisfy the statutory and regulatory experience requirements necessary to obtain an accounting permit. At issue is the Board's specification of the audit and accounting components of the two-year experience requirement under D.C.Code § 2–114(a).[1] We conclude that the Board's specifications are authorized by the statute and reasonable, and affirm the Board's determination that Ms. Chung did not satisfy the experience requirement with respect to the period 1990–1992. We remand for a determination whether Ms. Chung fulfilled the necessary requirements during the period 1994–1996.

## I.

On August 26, 1994, Ms. Chung applied for a permit to practice public accounting in the District of Columbia.[2] It is undisputed that Ms. Chung was a supervisor in the Budget and Analysis section within the Department of Bus Services of the Washington Metro Area Transit Authority (WMATA) from May 1988 to September 1994.[3] In this capacity, she was instrumental in developing the "Automated

---

1. As part of the "Second Omnibus Regulatory Reform Amendment Act of 1998," D.C.Code § 2–114 was repealed, and recodified in substantially the same form at D.C.Code § 47–2853.47 effective April 20, 1999. See 46 D.C.Reg. 3142, 3178–79 (1998); D.C.Code § 47–2853.47 (1999). Because this change was not in effect either at the time the Board rendered its decision or at the time of oral argument before this court, citations will be made to the earlier statutory provision.

2. On October 17, 1990, Ms. Chung received her certificate of "certified public accountancy" from the District of Columbia Department of Consumer and Regulatory Affairs. See D.C.Code § 2–107 (1997) (authorizing the Board to issue certificates to applicants who meet certain qualifications, including D.C.

residency, a degree with a concentration in accounting from a Board-approved college or university, and a passing score on a written examination in accounting and auditing). However, in order to practice accounting in the District of Columbia, the Board also requires certificate holders to obtain an annual permit. See D.C.Code § 2–114(a) (to obtain a permit to practice public accounting in the District, the Board may require those certified in public accountancy to demonstrate no fewer than two years of auditing and/or accounting experience in accordance with Board regulations).

3. Ms. Chung was supervised by Leroy Bailey, Jr., Assistant General Manager of Bus Services, who was not a CPA.

Contract Drawdown System," a unified accounting system which tracks annual contract expenditures for the Department of Bus Services.[4] Additionally, Ms. Chung performed various accounting, budgeting, auditing and management information systems duties as assigned. In September 1990, Ms. Chung began performing internal auditing work in addition to her regular duties in the bus services department.[5] By August 1992, she had completed 562 hours of auditing work under supervision of WMATA's Assistant Auditor General.[6] In September 1992, she began working as a supervisor of parking operations within WMATA's Department of Rail Services where she was responsible for accounting for daily parking revenues, compiling financial data and producing revenue reports.[7] After reviewing Ms. Chung's work history, the Board denied her application for a permit on the ground that she did not have the required accounting and auditing experience.[8]

## II.

■■■ Ms. Chung argues that the Board erred in finding that her work histo-

ry did not satisfy the two-year experience requirement of D.C.Code § 2–114(a). This court will uphold an agency decision if it flows rationally from the facts and is supported by substantial evidence in the record as a whole. *See District of Columbia Preservation League v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 711 A.2d 1273, 1275 (D.C.1998); *Reneau v. District of Columbia*, 676 A.2d 913, 917 (D.C.1996). We review an agency's legal determinations *de novo*, but will defer to the agency's interpretation of a statute it administers if it is reasonable and in accordance with legislative intent. *See Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.*, 683 A.2d 470, 472–73 (D.C.1996).

Under the D.C.Code, the Board of Accountancy shall issue public accountancy permits to certified public accountants who have demonstrated at least two years of auditing and accounting experience. *See* D.C.Code § 2–114(a)(3) (1994 & 1997 Supp.).[9] The relevant Board regulations further stipulate that an applicant

> shall have been engaged in the full-time practice of accounting during regular

4. Ms. Chung testified that she worked full-time as project leader on the "Automated Contract Drawdown System" for approximately two years—1989 and 1990. During her term as project leader, she was responsible for developing functional requirements for the system, coordinating with the Office of Management Information Systems staff to develop the system, testing the new system, developing user manuals and training employees.

5. Ms. Chung recognized that she needed to obtain 500 hours of auditing experience to obtain a permit. *See* 17 DCMR § 2504.4. Consequently, she negotiated an agreement between her supervisor in the bus services department and the Auditor General of WMATA which allowed her to perform part-time auditing work. Raymond Boddie, a certified public accountant and the Assistant Auditor General who supervised her work, testified that Ms. Chung performed audits in his department on a "collateral basis," generally in four to six hour blocks on intermittent days for approximately two years, from September 1990 to August 1992.

6. Raymond Boddie testified that Ms. Chung neither prepared financial statements nor performed analysis thereof, but did participate in the analysis of certain accounts.

7. Ms. Chung was still working in this position as of the hearing before the Board.

8. On July 12, 1995, the Board issued a "Notice of Intent to Deny" Ms. Chung's application. On August 1, 1995, Ms. Chung submitted supplemental documentation in support of further consideration of her application. On October 1, 1996, a formal hearing was held in which Ms. Chung and Raymond Boddie, WMATA's Assistant Auditor General between 1988 and 1990, testified. On April 1, 1997, the Board denied Chung's permit application.

9. D.C.Code § 2–114(a) states in pertinent part:

> Permits to engage in the practice of public accounting in the District shall be issued by the Board to [certified public accountants].... [Certified public accountants] ... may be required as a condition of the issu-

business hours for the full period specified. The Act does not contemplate a single engagement as an accountant or auditor nor incidental accounting work done in addition to other duties as sufficient for purposes of this requirement. 17 DCMR § 2504.1 (1990). Further, the regulations require each applicant to show "to the satisfaction of the Board that his or her experience included at least five hundred (500) hours" of auditing work.[10] 17 DCMR § 2504.4.

### A. The Board's interpretation of 17 DCMR § 2504

The crux of this case is the Board's interpretation of 17 DCMR § 2504.4. While the analysis contained in the Board's April 1, 1997, Decision and Order is scant at best, it is apparent from the record that the Board understands the two-year "full-time practice of accounting" requirement of § 2504.1 to include the 500 hours of auditing experience outlined in

§ 2504.4.[11] Ms. Chung argues that the Board abused its discretion in reaching this conclusion, but the plain language of the regulation supports such an interpretation. To satisfy the § 2504 "experience requirements," an applicant must show that she has engaged in at least two years of "full-time accounting." D.C.Code § 2–114(a); 17 DCMR § 2504.1. Additionally, § 2504.4 requires each applicant to show that her "experience" includes at least five hundred hours of auditing work. This language allowed the Board to decide that the required five hundred hours of auditing work is to be part of the two-year experience requirement, rather than a separate component.[12] It is the Board's responsibility to regulate "persons practicing and professing expertise in accountancy in the District." *Kingsley, supra* note 12, 657 A.2d at 1145; *see also* D.C.Code § 2–101 (purpose behind chapter is to ensure that applicants "demonstrate their ability and

---

ance of a permit ... to demonstrate, in accordance with the regulations issued by the Board, experience of not fewer than 2 years in either:

...

(3) Such other experience including auditing and accounting experience in a governmental agency as the Board in its discretion regards as qualifying experience under the facts and circumstances of individual cases

....

10. Specifically, an applicant must have at least five hundred hours experience "doing the following":

(a) Application of a variety of auditing procedures and techniques to the usual and customary financial transactions recorded in accounting records;

(b) Preparation of audit working papers covering the examination of the accounts usually found in accounting records;

(c) Planning of the program of audit work including the selection of the procedures to be followed;

(d) Preparation and analysis of financial statements including explanation and notes; and

(e) Preparation of written explanations and comments on the findings of the examination and on the content of the accounting records.

17 DCMR § 2504.4.

11. According to the Board's Chairman, "the experience requirement of the Board is two-years experience, and 500 hours of that has to be in the audit area." Additionally, the Board explained in its "Notice of Intent to Deny" Ms. Chung's application that it did not believe her experience during the period of time she was "engaged in the full-time practice of accounting" included the 500 hours of auditing required by § 2504.4.

12. At the hearing, Ms. Chung's counsel argued that, because the word "experience" is not used in § 2504.1, the two-year "full-time practice of accounting" provision, but is used in § 2504.4, the five hundred hour "experience" provision, the two are "separate and distinct" requirements. However, § 2504.1 and § 2504 .4 are both subsections of § 2504 which is titled. "Experience Requirements." Thus, under the plain language of the regulation as a whole, both the two years of full-time accounting and the five hundred hours of auditing work are considered "experience requirements" even though the term "experience" is not used in § 2504.1. *See Kingsley v. District of Columbia Dep't of Consumer & Regulatory Affairs, Bd. of Accountancy,* 657 A.2d 1141, 1147 (D.C.1995) ("Neither the two-year *experience* requirement of § 2–114(a) nor the 500 hours *experience* requirement of 17 DCMR § 2504.4 is limited to a particular time period.") (Emphasis added).

fitness to observe and apply the standards of the accounting profession").[13] The Board has chosen to favor an integrated two year experience, where an applicant gains simultaneous expertise in both accounting and auditing, rather than an experience in which accounting and auditing skills are obtained piecemeal. "Where an administrative agency is delegated broad authority to administer a statutory scheme, this court defers to the agency's interpretation of the statute if it is reasonable." [14] *Kingsley, supra* note 12, 657 A.2d at 1145–45 (citations omitted). We, therefore, defer to the Board's interpretation of 17 DCMR § 2504.4 as requiring that the 500 hour auditing component be performed as part of the two year accounting experience requirement.[15]

## B. *Substantial evidence review.*

■ In the alternative, Ms. Chung contends that the Board erred in determining that her work between September 1990 and August 1992, the period during which she performed over 500 hours of auditing work, did not satisfy the § 2504 experience requirements. Although Ms. Chung admits that she was not engaged in the full-time practice of accounting throughout the time that she was employed as a supervisor in the Department of Bus Services,[16] she claims that if her regular and additional duties are viewed together, the work she performed between September 1990 and August 1992 engaged her full-time in audit and accounting duties. To support this claim, she states that her work as project leader in developing the "Annual Contract Drawdown System" (ACDS) involved full-time accounting duties. Ms. Chung also suggests that, while working as project leader on the ACDS project, she obtained 562 hours of internal audit experience on a "collateral basis." [17]

While the record reflects that Ms. Chung performed accounting work on the

13. Although section 2–101 was deleted as a result of the recent recodification, see *supra* note 1, the purpose of the Board of Accountancy remains the same. *See* § 47–2853.6(b) ("The Board shall regulate the practice of public accountants and certified public accountants."); § 47–2853.8(3) (duty of professional boards is to "determine whether [a] candidate meets the applicable criteria for that occupation or profession"); § 47–2853.12(a)(5) (noting that an applicant must establish that he or she meets the requirements established by a board to "assure that the applicant has had the proper training, experience, and qualifications to practice the [relevant] profession or occupation").

14. At oral argument, Ms. Chung's counsel argued that the Board's interpretation was arbitrary and capricious because Ms. Chung had no notice that she was required to gain both auditing and accounting skills at the same time. However, as explained in the text, the Board's interpretation flows rationally from the plain language of the statute and the regulations. Moreover, as the Board Chairman indicated at the hearing, it had always been his interpretation that the 500 auditing hours were part and parcel of the two-year, full-time accounting requirement. Thus, as the Board's interpretation was reasonably inferable from the language of the regulations, Ms. Chung need only have inquired prior to undertaking the internal auditing work in order to clarify the regulatory requirements.

15. Counsel for the Board stated at oral argument that it does not interpret the two-year experience requirement as having to be satisfied within a single, continuous two-year period. *See Kingsley, supra* note 12, 657 A.2d at 1147.

16. Ms. Chung was employed as a supervisor in the Department of Bus Services from May 1988 to September 1994.

17. Ms. Chung does not contend that her work as a supervisor in the bus services department provided her with the opportunity to obtain the auditing experience required by § 2504.4. In fact, at the hearing Ms. Chung testified:

I evaluated my current positions [as a supervisor in the bus services department], what I do. Personally, I felt that the only requirement for 500 hours I felt I needed to work on that experience.

Because my current job was not providing me the opportunity specifically engaging in auditing assignments, I went to Mr. Bailey who was the head of our department, also Mr. Warrington who is the Auditor General at that time. I asked them permission for me to work under their supervision in order for me to get 500 hours of auditing experience.

ACDS project and that she obtained 562 hours of internal auditing experience, this work was not all performed at the same time. Ms. Chung was the ACDS project leader from early 1989 until late 1990, see *supra* note 4, but did not begin her audit work until September 1990. Even assuming that she was engaged in the full-time practice of accounting as the ACDS project leader,[18] and assuming further that she performed specific auditing tasks during the last four months of the ACDS project, the record shows that Ms. Chung did not satisfy the 500 hour auditing requirement until August 1992, twenty months after the ACDS project was completed and she no longer performed full-time accounting duties.[19] Additionally, while Ms. Chung obtained 562 hours of auditing experience between September 1990 and August 1992, this work was not full-time and did not involve preparing and analyzing financial statements, as required by §§ 2504.1 and 2504.4(d). Therefore, the Board did not abuse its discretion in denying Ms. Chung's application because she was unable to show a total of two years of simultaneous accounting and auditing experience as required by the regulations.

Finally, Ms. Chung claims that while employed as WMATA's Supervisor of Parking Operations between October 1994 and September 1996, she met the statutory and regulatory experience requirements of D.C.Code § 2–114(a) and 17 DCMR § 2504. This claim was included in the proposed findings of facts and conclusions of law, with references to the hearing transcript and exhibits, that Ms. Chung submitted to the Board. The Board's 1997 order does not specifically address Ms. Chung's post–1994 work experience, stating only that Ms. Chung had held the parking operations position since September 1994. We note that, at the hearing, Ms. Chung's counsel argued that her accounting duties between October 1994 and September 1996 met the § 2504.1 "full-time practice of accounting" requirements, without specifying whether this work satisfied all of the § 2504 experience requirements. On remand, the board should make specific findings with respect to both the "full time practice of accountancy requirement" and the number of hours that Ms. Chung performed auditing work during this period.

Accordingly, the Board's denial of Ms. Chung's application for a permit to practice public accountancy based on the period for 1990 to 1992 is affirmed. We remand for further consideration of Ms. Chung's petition with respect to the 1994–1996 period.

*Remanded.*

18. The Board found that while Ms. Chung may have been involved in accounting activities as the ACDS project leader between 1989 and 1990, she was not supervised by a CPA. Although CPA supervision is not required by the statute or applicable regulations, the Board was not precluded from considering this fact in determining whether Ms. Chung's accounting duties as a governmental employee constituted "qualifying experience." D.C.Code § 2–114(a)(3).

19. Although Ms. Chung complains that the Board failed to make a specific finding of fact regarding whether her work as a supervisor in the budget analysis section in the Department of Bus Services from September 1990 to August 1992 involved the full-time practice of accounting, the Board did conclude that her work from May 1988 to September 1994 "d[id] not satisfy the experience requirement of D.C.Code § 2–114(a) (1990) and 17 DCMR § 2405.1 and § 2504.4." This conclusion implies that the Board did find that she was not performing accounting tasks full-time between September 1990 and August 1992. Moreover, at the hearing, Ms. Chung admitted that she was not engaged in the full-time practice of accounting between December 1990, when she completed her work as ACDS project leader, and September 1994.